ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC A. CHAMBERS,
      Plaintiff.

v.

JOHN DOES 1-7,
DONALD J. BOWMAN JR.,
CITY OF WILMINGTON DELAWARE,
DELAWARE S.P.C.A., and
SGT. ELLIOTT,
      Defendants.

CASE NO. 04-415-SLR

MAR - 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO DENY AND DISMISS DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Date: 2/27/05

Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

(2)

**NOW COMES**, the Plaintiff, Eric A. Chambers, Pro Se, herein asserts that the Defendants are not entitled to Summary Judgement as a matter of Law. The facts are clearly in dispute regarding the reasonableness of the officers' actions, regarding shooting plaintiff's dog and the actions of the Conspirators, in the Conspiracy, to cover up the incidents' facts, as well as, the use of Excessive Force.

The Plaintiff requests this Honorable Court to deny the Defendants' Motions of Summary Judgement, and/or, stay the Court's decision on the Defendants' Motion for Summary Judgement until the completion of the requested Discovery and Interrogatories.

FACTUAL ARGUMENT IN SUPPORT OF PLAINTIFF'S
REQUEST TO DENY AND DISMISS DEFENDANTS' MOTION
FOR SUMMARY JUDGEMENT

In this case, the Plaintiff asserts that material facts are in undeniable dispute, and herein, the Plaintiff puts for the Facts and Evidence to support his issues for a trier of fact, which would enable a reasonable jury to find and return a verdict for the non-moving party, the Plaintiff. see Wayne v. Borough of West Chester, 891 F. 2d 458.

1. **EXCESSIVE FORCE**

In this case, the Plaintiff asserts that the Plaintiff has produced evidence that the Defendants' used Excessive Force when effectuating his arrest and that any force ( excessive ) used, was due to the officers ( defendants' ) Unconstitutional behavior of shooting his ( plaintiff's ) pet, which led to the Plaintiff attempting to rise from the prone position, upon being struck in the face with the shell casing of a bullet, and upon being startled by the initial gunshot, while laying in the surrendered position on the floor.

The Plaintiff further asserts that the Defendants' conduct ( unconstitutional ) of the shooting of his pet, and the firing of their weapon(s), in the time frame and manner in which they allege will point out and prove that the Plaintiff was not

(3)

resisting arrest. Nor was he in a position to harm any of the officers ( defendants ), or flee... considering he was and had already surrendered by laying on the floor, when the shooting ( and <u>first</u> shot ) took place.

    The Plaintiff further asserts, he was not fleeing from the officers/defendants, nor did he attempt to - nor did he - run up the stairs. As he stated in his complaint, and can be supported by creditable witnesses, the Plaintiff previously informed the authorities, when they called at approxiamately 4:30 pm., on the day of the incident, that he'd be home after 6 o'clock. And after 6 o'clock is when the authorities came to his home to arrest him. ( if the plaintiff had any intentions of resisting arrest or fleeing, he would have done so - right after that 4:30 pm. ( pretext) call. For he had a 2 hour window period to do so ).

    Wherein, they (the defendants) <u>Knocked</u> on the door and the Plaintiff himself opened the door, identifying himself, and surrendering. (considering he did not want to subject his family and children to "events" that transpired anyway, even with his submission and surrender).

    The defendants' NEVER used a battering ram. And if by chance they did (as SOME of the officers state), as they took evidentuary photos of the scene, why wouldn't they take pictures of this alleged damaged door. Surely it's damage would be documented to support their resisting arrest scenerio.

    Tamica Tolbert's affidavit supports the Plaintiff's allegations that he did not run up the steps, nor flee, nor attempt to flee.

(4)

Surely she would have heard him on the steps considering she said " she was on the steps and coming <u>down</u> when she heard the gunshots". She also stated; "she did not see nor hear anyone running up the steps", because she was on her way down, when the Plaintiff informed her that "they're here". This evidence provides proof that the Defendants' are lieing and have lied again.

    The defendants prior Unconstitutional Conduct, of initially shooting the dog and firing consecutive rounds, do not justify the Excessive Force, used to force plaintiff back to the floor, considering, it was the defendants' actions of unconstituional conduct that led the plaintiff's attempt to rise, which led to more Unconstitutional conduct by the defendants', when plaintiff was kicked and stomped on/in his back. This force used was clearly Unconstitutional under the circumstances and a reasonable jury would find the evidence sufficient enough to find a verdict in favor of the plaintiff, on this claim... against defendants John Does #'s 1-5. Therefore, the plaintiff requests this Honorable Court to deny the Defendants' Motion for Summary Judgement.

    In addition, the facts of Plaintiff's allegations are genuine and material, and the evidence clearly supports a finding that the genuine issues are supported with enough evidence that a reasonable jury will find for the Plaintiff.

    A reasonable jury would find that theplaintiff was laying on the floor, in the doorway, when he was kicked in the head and stomped on the back. A jury would also find that the shooting was unreasonable and startled the plaintiff, which led him to attempt to rise from his surrendered position, on the floor.

The jury would also find that kicking and stomping the plaintiff, in the head and back, is clearly Unconstitutional, just as the shooting of the dog was. The plaintiff posed no threat to any officer/defendant when he attempted to rise, nor at ANY time, considering he was in a surrendered position, on his stomache.

Therefore, in sum, the Defendants' Summary Judgement Motion must be denied, on this excessive force claim.

The plaintiff also points out, that John Doe #1 (Rodriguez), is the defendant that handcuffed, stomped and kicked him, because Rodriguez was the first defendant that he encountered, when the initial shots were fired. (which would explain why HE didn't shoot the dog, being the the first defendant who would have seen her, defendant Pfaff did).

Defendant John Doe #1 (Rodriguez) is not entitled to qualified immunity on this claim, for the above reasons.

**A.** Defendant John Doe #2 (Pfaff) is not entitled to Summary Judgement nor Qualified Immunity; for the shooting of the Pet, in violation if the plaintiff's 4th, 5th, and 14th Amendments of Due Process.

Defendant Pfaff's conduct was unreasonable under the circumstances of this case. The dog was not aggressive, barking nor charging - when shot. Nor, was the plaintiff fleeing or attempting to flee, when the dog was shot.

There is evidence that the plaintiff did not flee up the stairs, and there is evidence the dog did not bark, chase, nor charge any of the defendants. The dogs were simply on their way to the door after hearing the defendants' <u>knock</u> on the door (as any other dog would do).

(6)

1st. As previously stated, Tamica Tolbert's affidavit provides evidence that she heard no one run up the steps or on the steps, prior to the gunshots being fired. Then, the only activity on the steps was; the dog being chased by a defendant.

Secondly, defendant Scott Jones' affidavit provides evidence that he did not see Defendant Rodriguez chase the plaintiff up the steps, upon entering the house. Nor did he see the dog chasing Defendant Rodriguez, as defendant Pfaff stated in his interviewing affidavit. Which also contradicts defendant Rodriguez's interviewing affidavt as well.

Surely, Scott Jones would have seen defendant Rodriguez escorting plaintiff down the steps, if plaintiff was ever actually on the steps, or attempting to flee up them, since;

1. The steps are practically 2 seconds away from the door, and given the nature and training of the defendants,(the idea is to hit "fast and hard".

2. Each defendant is only an arms length (if that) apart from eachother. given the timing of the alleged events, there's no-way, the first 3-4 defendants' testimonies should be as inconsistant as they are.

3. According to defendant Pfaff's testimony of the events, defendant Jones would have entered the house <u>prior</u> to the dog being shot, by the steps, by Pfaff.

4. If the Plaintiff was chased or ever even <u>on</u> the steps, Defendant Jones would/should have seen plaintiff come down the steps, as Rodriguez and Pfaff alleges, in their initial interveiwing affidavits. <u>Jones is the third (3) officer in the door. Yet, did not indicate nor support neither of the</u>

(7)

<u>two officers before him, testimonies</u>.

Additionally, according to certain Defendants' Activity Reports: Three (3) different officers, at three (3) different time periods, "escorted", "ordered" and "physically moved" the plaintiff from the stairs. One even went so far as to state; "the dog ran past everyone on the stairs, stopped behind the plaintiff, on the top step, and continuously barked".

This clearly provides proof that defendant Rodriguez and defendant Pfaff was/are clearly lieing, about chasing the plaintiff up the stairs, as well as, the dog attempting to attack defendant Rodriguez. And they are continuing to lie, about the incident. The dfendants conduct of shooting the dog was clearly Unconstitutional and Unreasonable, under the Fourth Amendment.

The Plaintiff further asserts that defendant Pfaff's conduct was unreasonable because the Plaintiff, who was the owner, was lying on the floor, blocking any potential contact between ANY of the officers/defendants and his dogs, and was never given a chance, nor an order or warning, to assert control over his animals, because of his surrendered position; face down, on the floor, with his head out the doorway to the porch.

The plaintiff never seen the dogs come to the front room/ living room, nor did he hear them... because they were not barking or growling. Furthermore, HYPOTHETICALLY SPEAKING; If the dog(s) were barking and growling, as the dfendants allege, and were charging towards defendant Rodriguez, clearly Rodriguez would have shot the dog and not Pfaff.

In sum, a reasonable jury would find that the Plaintiff was arrested upon his surrender, at the door, handcuffed facedown,

(8)

and the 1st officer/defendant was initially startled by the appearance of the dogs and fired overtop of the plaintiff, from the doorway. This officer/defendant missed, and the 2nd. officer/defendant fired and hit the dog. The first officer then chased the wounded animal up the stairs, where he encountered Tamica Tolbert.

A jury would find; based on the Plaintiff's affidavit and Tamica Tolbert's interviewing statements,; the plaintiff <u>did not</u> flee up the stairs, nor flee from the officers, which provides proof that he surrendered at the door. Which the plaintiff can prove, with eye witnessess. In addition, A reasonable jury would find that the dog was not chasing nor charging ANY officers, because no one was chasing anyone. Especially, defendant Rodriguez, who was not in harms way.

Defendant Scott Jones' interviewing affidavit provides proof that plaintiff was <u>not</u> on the stairwell, nor coming down the stairs, when he (defendant Jones) entered the house, right behind defendant Pfaff.

Clearly, if Def. Pfaff witnessed the Plaintiff on the stairs, Def. Jones would/should have seen the same also, considering he entered the house SECONDS behind Def. Pfaff.

Defendant Jones' interviewing affidavit additionally provides proof that the dogs were not barking nor growling and they were non-aggressive. In response to the interviewing question regarding the dogs barking and growling, Def. Jones answered: " they were moving pretty good ". see Scott Jones' interview.

This was an equivocal "ambiguous" answer, to the question regarding the barking and growling of the dogs. Which provides

(9)

proof that they were non-aggressive and not behaving in the manner inwhich they're being accused of, to justify the unlawful and unconstitutional misconduct.

In addition to all of these facts stated above, the picture of the dog (in her deceased form), evidences and clearly conflicts with the statements given by the defendants'. Def. Jones and Def. Pfaff said; the dog was directly infront of Pfaff, when he fired (according to Pfaff's own statement; "close enough to touch with his foot"), however, the picture of the animal proves he was not and couldn't have been, INFRONT of the dog, or the dog would have been shot in the head or back... not the side. see photos.

Incidentally, if the dog was as close to Def. Pfaff as he stated in his interviewing affidavit ("close enough for him to touch with his foot"), why would the dog be so intent on "attacking" Rodriguez, when Pfaff is so close? A jury or any reasonable person would conclude that Pfaff would have been attacked. And why would Def. Jones not assume that the dog was "attacking" Def. Pfaff, who was supposedly right infront of the dog?

Based upon these facts and the evidence in the record, Defendant Pfaff is not entitled to qualified immunity, nor is he entitled to summary judgement.