**B.**  Defendant Elliott is not entitled to Summary Judgement enlight of his indeference to the violations of Plaintiff's rights under 42 U.S.C. § 1983.

Wherein, although Def. Elliott was not personally involved in the INITIAL wrongdoings and events, Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (3d. Cir. 1988) states: "Personal involvement can be shown through the actual knowledge and acquiscence".

In the present matter, Def. Elliott came to the house/scene (as a follow-up), and requestioned Tamica Tolbert about the events that took place. Specifying the conflictions of her testimony of the events - to the Defendants'/officers' police report.

At that point and time, Def. Elliott or any other official of the law, should and would have deduced that someone was giving false testimony (lieing), in their testimony. Which should have compelled him to conduct a more thorough follow-up or investigation, as to the violations of the Plaintiff's Constitutional Rights.

Further, Def. Elliott alleges; He never spoke to Ms. Tolbert, in any circumstance. Which can be proven by her identifying Def. Elliott visually. Which indicates his false testimony and lies, in his interviewing affidavit.

The Plaintiff can certainly meet the burden of proof with respects to his claim against Def. Elliott, and he should not be entitled to Summary Judgement or qualified immunity, and the Court should not grant summary judgement in Defendant Elliott's favor.

### 2. THE SHOOTING OF PLAINTIFF'S DOG WAS UNREASONABLE UNDER THE FACTUAL CIRCUMSTANCES PRESENT AND CONSTITUTES A VIOLATION OF PLAINTIFF, AS WELL AS, HIS FAMILY'S CONSTITUTIONAL RIGHTS UNDER THE 4th, 5th AND 14th AMENDMENTS.

Plaintiff can prove and provide Eye Witnesses to demonstrate and give testimony that the testimony and alleged facts the Defendants have given and supplied into evidence, is fabricated and devised, as a means to justify and cover-up the Constitutional Violations of this instant case. Proving the events, as well as, the shooting, was unreasonable, unlawful and unconstitutional.

Therefore, the Defendants are not entitled to Summary Judgement.

### 3. THE DEFENDANTS ENTRY INTO THE RESIDENCE CONSTITUTES A VIOLATION OF THE 4th AMENDMENT BECAUSE THE DEFENDANTS POSSESSED A VALID SEARCH WARRANT FOR " THE BODY OR PERSON" OF PLAINTIFF. WHEN PLAINTIFF SURRENDERED AT THE DOOR, DEFENDANTS' WARRANT WAS TO CEASE AND BE DEEMED EXECUTED.

Plaintiff established standing of his right to be free of unreasonable search and seizure, when he surrendered at the door.

The Defendants claim the plaintiff does not have standing to bring a claim under the 4th Amendment because he does not own the property, located at 2704 Creston Place. Which is true; he Rents. However, as Agent Shum, of the Federal Bureau of Alcohol, Tobacco and Firearms ( ATF ) informed Detective Chaffin and Detective Simmons; "plaintiff occasionally resides at 2704 Creston Place with his girlfriend". Agent Shum also located clothing at the property belonging to Plaintiff. Agent Shum

(12)

also informed Detective Chaffin that plaintiff was the only adult male residing at the property. And it was based on the above information that a warrant was able to be obtained.

Plaintiff can also provide proof, through the state of Delaware check stubs, Social Security card, income tax forms, household bills, a search of plaintiff's criminal records, his bail agreement (for the initial State's charging of the instant offense), listing his address as 2704 Creston Place Wilmington, DE., all sustantiating plaintiff's standing, in bringing claim under the 4th Amendment for the illegal search of his residence.

Furthermore, by the manner and unlawless behavior the defendants/officers displayed, they claim they were within the standards procedures designed to protect those found in the residence. These procedures could not and were not enacted, because their conduct and behavior actually HEIGHTENED and subjected those in the residence to _more_ danger.

If the defendants' concern was to minimize any unknown threats, located within the residence, this could have been most easily accomplished by securing the plaintiff and simply shutting the door.

All in all, the plaintiff can prove a Constitutional injury, and has standing to bring a claim under the Fourth Amendment, for the illegal search of his residence. Which, because he was there (at the residence), and can prove his residency, even if in a constructive possessionary state, plaintiff can maintain an Action under §1983, and the defendants are not entitled to summary judgement as a matter of law.

### 4. THE EVIDENCE OF DEFENDANTS' CONSPIRING TO CONCEAL THE WRONGDOING OF THE SHOOTING OF PLAINTIFF'S DOG IS SUPPORTED, VERIFIED AND CAN BE PROVEN.

The defendants allege that the plaintiff's dog was shot because she was attacking and showing aggression. However, according to the evidence of WHERE the dog was shot (entry and exit wounds), the eye witnesses the plaintiff will be receiving testimony from, the time frame and testimony of accounts by some of the defendants/police officers (but not all), the plaintiff can support his claim and show merit.

Therein, because the dog was wrongfully and unlawfully shot and killed, some individuals (of the defendants), conspired to allege different facts - to conform the events to a lawful scenerio. Which in itself; the fabrication of events, imputes the defendants' for the act(s) of denying plaintiff's Constitutional rights. And, since there is/was a violation of plaintiff's Constitutional rights, a §1983 Conspiracy claim is actionable and has merit.

In accordance to the sufficient information and particular circumstances; the plaintiff could not specify the exact actions nor the identity/names of the conspirators, because all of plaintiff's efforts to gain such pertinent information was not available at the time, because none of plaintiff's Freedom Of Information Act Requests (FOIA) were granted by/from the defendants.

Furthermore, the defendants' testimony is that the dog was shot once in the living room and continued up the stairs and died, however, given the physical evidence and the entire

(14)

circumstances (pictures and scene photos), there are too many contradictions and inconsistencies, on the defendants' behalf, that would lead a jury to believe something is amiss (regarding the defendants' testimony of the events).

Defendant Pfaff alleges; he shot the plaintiff's dog in the left side of her chest, in a downward angle, yet, in reviewing the dog's photos (as deceased), along with all the circumstances and testimonies, defendant Pfaff, as well as, defendant Rodriguez, is/did not giving truthful testimony.

In summation, all of the above demonstrates an actual violation of plaintiff's Constitutional rights, his Due Process, and provides evidentiary support for the plaintiff's claim of a Conspiracy, and the Court should not entitle the defendants to summary judgement.

### 5. DFENDANTS JOHN DOES 1-5, BOWMAN AND ELLIOTT ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS. PLAINTIFF STATES HIS CLAIM UNDER 42 U.S.C. § 1983.

The above defendants are not entitled to qualified immunity because each above defendant, as police officers, were well aware that their conduct and actions clearly violated established Statutory and Constitutional rights, which any reasonable person would have known:

a.) When the authorities conducted their "pretext call" about 4:30 pm., they were told what time (exactly) the plaintiff would be home. A reasonable person would have deduced a surrender.

b.) When they (defendants) came and knocked on the door, plaintiff answered, identified himself and assumed the

surrendered position. A reasonable person would have handcuffed the individual and the arrest would have been concluded.

    c.) Because the ATF agent briefed the defendants (CMTT) as to 3 small children and at least one dog, residing at the residence... because of this prior information; a reasonable person would not have fired a gun. Not knowing where these 3 small children are/were located (within the residence). Additionally, and most importantly, because; A reasonable person knows that the structure(s) of houses and walls these days - are <u>drywall</u>. And there's no way of knowing, without a doubt, that the bullet they're firing will not pass thru a wall and strike one of the 3 small children.

All of the above examples constitutes the bases as to why the defendants aren't entitled to qualified immunity nor summary judgement.

The plaintiff can prove with eye witnesses that he was kicked in the head and stomped on his back, during his surrender. The assault was the intentional attempt, by force, to do an injury to the plaintiff... when the plaintiff began to rise and protest the defendants' firing overtop of him, after he surrendered.

The battery was where and when the threatened, harmful and offensive contact of the kick and the stomp, was actually inflicted.

The shooting of his family's pet was totally unreasonable, the illegal entering of his residence constitutes an illegal search, and the defendants conspired to conceal and falsify

(16)

certain illegal acts and conduct.

The defendants continue to claim the evidence does not demonstrate any unreasonable and unappropiate acts, but the evidence that the defendants finally provided the plaintiff with, is "in parts" and highly contradicting to what and how the defendants' interviewing affidavits states.

Incidentally, defendant Donovan, of CID conducted the "thorough" investigation, by speaking to/interviewing everyone at the residence/scene... why isn't the plaintiff's interviewing affidavit disclosed? Donovan was the first officer the plaintiff spoke to (at the police station), ATF agent Shum was second. With all the interviews and affidavits being conducted, a reasonable person would have obtained an affidavit/spoken to the actual individual inwhich the defendants were at the residence to arrest.

Given the totality of all the circumstances, especially the events leading up to the use of force and it's actual use, plaintiff feels a reasonable person would find that there was an actual and continuing violation of the plaintiff and his family's Constitutional rights, and the Court appropiately must not grant summary judgement, in favor of the defendants.

The Law may not have put the defendants on notice, because of their unlawful conduct, because the defendants supplied the Law with a scenerio and lies that prevents the Law from knowing the truth. Which is <u>where</u>, <u>when</u> and <u>why</u> - the conspiracy aspects emerge.

The defendants were well aware, and perfectly understood, given all the pretextural information- when briefed- prior to

(17)

coming to the residence, that discharging a weapon inside of the plaintiff's home, with the potential to harm his 3 small children (and/or dog), was unlawful, unreasonable, reckless, and violated the Constitution.

An employee is liable for acts causing property damage, which were performed with wanton negligence or willful and malicious intent.

The plaintiff's property was damaged (his dog was killed), and the manner and circumstances prior to the defendants' discharging of their weapon(s) does not constitute the reasonableness and need for such to occur. By doing so anyway, constituted the wanton conduct, going beyond inadvertence, momentary thoughtlessness and mere negligence, to plaintiff, his family and pets. The dfe defendants state no one was on the first floor besides the plaintiff and his dogs. But how would the defendants know, with certainty, such information, until after they stormed the residence, for alleged security reasons? (they shot first, then, did their "security check").

Due to the defendants' actual malice, willful misconduct, and total disregard for the plaintiff's family's wellbeing... the defendants are not sheltered nor entitled to immunity, nor summary judgement.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, the Plaintiff has maintained his claim under 42 U.S.C. § 1983, for violations of his Constitutional Rights. In applying the Fourth Amendment reasonableness standards, the Court can determine that a seizure has occurred. The defendants' conduct was intended, and not

accidental. Therfore, the Court must not grant summary judgement in favor of the defendants.

Respectfully,

Eric A. Chambers, Pro Se.

(19)

## DECLARATION

I, Eric A. Chambers, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, on this 27th day of Feb., 2005.

*Eric A. Chambers* (signature)

Fed. Reg. No. 04536-015
FCI Allenwood (Medium)
P.O. Box 2000
White Deer, PA 17887-2000


## CERTIFICATE OF SERVICE

I, Eric A. Chambers, hereby certify that the foregoing Pleading, along with the Declaration, have been served by placement in the institutional legal mailbox, first-class postage prepaid, on this 27th day of Feb., 2005, to:

1. Peter T. Dalleo
   CLERK
   Lockbox 18
   844 King Street
   U.S. District Court
   Wilmington, DE. 19801

2. Rosamaria Tassone, Esq.
   City of Wilmington Law
     Department
   800 French Street, 9th Fl.
   Wilmington, DE. 19801

3. Donald L. Gouge Jr., Esq.
   800 King Street, Suite 303
   P.O. Box 1674
   Wilmington, DE. 19801

*Eric A. Chambers* (signature)

Fed. Reg. No. 04536-015
FCI Allenwood (Medium)
P.O. Box 2000
White Deer, PA 17887-2000

RE: MOTION TO DENY AND DISMISS DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT.