# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-415 SLR |
| | ) |
| JOHN DOES 1-7, | ) |
| DONALD J. BOWMAN, JR., | ) |
| CITY OF WILMINGTON DELAWARE, | ) |
| DELAWARE S.P.C.A., and | ) |
| SGT. ELLIOTT, | ) |
| Defendants. | ) |

**DEFENDANTS JOHN DOES 1-5, DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE, AND SGT. ELLIOTT'S
<u>REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Rosamaria Tassone, Esquire, ( I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington

Dated: March 9, 2005

## **TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    PLAINTIFF HAS FAILED TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT NECESSARY TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF CITATIONS

### CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242(1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Celotex Corp. v. Catrett, 477 U.S. 317(1986)
 *cert denied*, 484 U.S. 1066 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Fraser v. Pennsylvania State System of Higher Education, et al.,
 1994 U.S. Dist. LEXIS 7409 (E.D. Pa. June 6, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 1

Goodman v. Mead Johnson & Co., 534 F.2d 566 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . 2

Lamb-Bowman v. Delaware State Univ., 152 F.Supp.2d 553 (D. Del. 2001) . . . . . . . . . . . . . . 5

Waste Management of Pennsylvania, Inc. v. Shinn, 938 F. Supp. 1243 (D. N.J. 1996) . . . . . . 4, 5

### STATUTES

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

### RULES

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## SUMMARY OF ARGUMENTS

Plaintiff Eric Chambers has failed to demonstrate a genuine issue of material fact necessary to defeat Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington's Motion for Summary Judgment. Therefore, Plaintiff is unable to maintain a claim under 42 U.S.C. §1983 for a violation of his Constitutional Rights, and the Court must grant summary judgment in favor of Defendants, dismissing Plaintiff's Complaint with prejudice.

**ARGUMENT**

I.  **PLAINTIFF HAS FAILED TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT NECESSARY TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**

In response to Defendants' Motion for Summary Judgment, Plaintiff Eric Chambers fails to demonstrate a genuine issue of material fact necessary to defeat Defendants' Motion. Unlike the numerous affidavits and documentary evidence submitted by the Defendants in support of their Motion, Plaintiff offers the Court absolutely no evidentiary support for the allegations contained in his Complaint that one or more of the Defendants violated his Constitutional rights under the 4th, 5th and 14th Amendments, thereby violating 42 U.S.C. §1983. Plaintiff continues to rely on the unsubstantiated allegations and conclusory statements of facts contained in his Complaint. Plaintiff's answering brief, entitled "Motion to Deny and Dismiss Defendants' Motion for Summary Judgment," contains not one citation to evidence supporting his allegations that he surrendered at the door, that he was kicked and stomped on, and that his docile, "child friendly" pit bull dog was chased up the stairs and shot multiple times by one of the Defendants without provocation in the second floor bedroom. In fact, he does not present any record from which the Court could reasonably conclude that a genuine issue of material fact exists warranting a trial. Further, Plaintiff fails to cite relevant case law which supports his position or contradicts Defendants' legal arguments. Therefore, Plaintiff fails to carry his burden in response to Defendants' Motion, and the Court, as a matter of law, must grant summary judgment in favor of Defendants and dismiss Plaintiff's Complaint.

As is the case in the present matter, summary judgment would serve to "avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Fraser v. Pennsylvania

State System of Higher Education, et al., 1994 U.S. Dist. LEXIS 7409, *8 (E.D. Pa. June 6, 1994), citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).  The Defendants have met their initial burden of demonstrating that the record lacks a genuine issue as to any material fact and that the Defendants are entitled to judgment as a matter of law.  See, Fed. R. Civ. P. 56(c).  An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict for the Plaintiff.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if a dispute about it might affect the outcome of the trial.  Id.  The governing substantive law identifies which facts are material.  Id.

In the matter *sub judice*, Defendants have carried their initial burden under the summary judgment standard by demonstrating the absence of any genuine issue of material fact with regard to Plaintiff's claims involving the use of force during his arrest, the reasonableness of the shooting of Plaintiff's pit bull dog, the validity of the Defendants' entry into the residence, the lack of a conspiracy between any Wilmington Police Department (WPD) Defendants and the S.P.C.A. to conceal alleged wrong-doing in the shooting of Plaintiff's pit bull dog, the allegations of assault, battery, negligence, animal cruelty, and reckless endangerment, and the lack of municipal liability.

None of the individuals present during the execution of the search warrant support Plaintiff's contentions that he surrendered at the front door; that a shot was fired above his head into the residence from an officer standing outside the front door; that Plaintiff was kicked in the head and stomped on when he attempted to rise from a prone position; that Plaintiff's pit bull dog was docile and did not pose a threat to the officers' safety; that Plaintiff's pit bull dog was chased up the stairs and shot multiple times in one of the upstairs bedrooms; and that Plaintiff's children were on the first floor and in harms way when the shots were fired at the pit bull dog.  Officers Rodriguez, Pfaff,

3

Simmons, Coffiey, Silva[1] and Spell actually observed Plaintiff on the stairs leading to the second floor or at the bottom of the stairs, depending upon when they entered the residence. (A 7, 10, 14, 15, 18, 47, 57-58, 105, 110, 112). Officers Jones and Thompson state that Plaintiff did not surrender at the door because when Officer Rodriguez breached the door, no one was in the doorway to impede the officers' entrance into the residence. (A 13, 65-67, 99, 114). None of the officers present observed anyone strike Plaintiff. (A 6-21, 45-75, 92-93, 99-116). Officers Pfaff, Jones and Silva observed the pit bull dog running toward Officer Rodriguez in an aggressive, menacing manner. (A 15, 47-52, 69-70, 74-75, 103). Officer Rodriguez also observed the pit bull dog in his peripheral vision. (A58-62). Officers Jones, O'Neill, Rodriguez, Severance, Simmons, Spell, Thompson, Diana and Silva heard only one shot fired from within the residence, not multiple shots as Plaintiff asserts. (A 15, 92-93, 99-116). Further, the physical evidence supports the fact that only one shot was fired, striking the pit bull dog and exiting the animal's body, thereby creating entry and exit wounds. (A 29-44, 118-121). Lastly, all the officers state that they are unaware of any conspiracy between the WPD and the S.P.C.A. with regard to this incident. (A 90-117).

In response to Defendants' Motion, and in light of the evidence put forth by the Defendants, "the [Plaintiff] must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "The non-movant must go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. "The non-moving party may not rest upon the mere allegations or denials of its pleading. Waste

---

[1] It should be noted that Officer Danny Silva was deployed to Iraq and is not currently available as a witness in this matter.

Management of Pennsylvania, Inc. v. Shinn, 938 F. Supp. 1243 (D. N.J. 1996), citing Celotex Co., 477 U.S. at 324.  In order to overcome Defendants' Motion for Summary Judgment, the Plaintiff must produce "concrete evidence from which a reasonable [trier of fact] could return a verdict in [his] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  "The mere existence of some evidence in support of the non-moving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue."  Lamb-Bowman v. Delaware State Univ., 152 F.Supp.2d 553, 557-558 (D. Del. 2001), citing Anderson, 477 U.S. at 249.

In his Answering Brief, Plaintiff asserts that "material facts are in undeniable dispute" and that he has "produced evidence" of a constitutional injury as a result of the Defendants' actions. (D.I. pg. 3).  Plaintiff further states that he has "credible witnesses" that can prove that he surrendered at the front door and did not attempt to flee. (D.I. pg. 4, 9).  However, Plaintiff fails to identify the "credible witnesses," and Plaintiff fails to offer the Court any affidavits from the alleged witnesses which would dispute the Defendants' statements and the physical evidence.

The only witness Plaintiff specifically identifies is Tomika Tolbert.  Plaintiff asserts that Ms. Tolbert's transcribed statement to Detective Chaffin supports his contentions that he did not attempt to flee and that the pit bull dog was shot on the second floor.  However, Ms. Tolbert did not see Plaintiff surrender at the front door.  Ms. Tolbert was upstairs when the officers entered the residence and did not observe what transpired between the officers and the Plaintiff. (A 83).  Ms. Tolbert only started down the stairs when she heard a shot fired. (A 83).  As she was descending the stairs, she observed the pit bull dog running up the stairs and an officer behind the pit bull dog.  Although she believed that the officer was chasing the pit bull dog upstairs in order to shoot it, she never observed

5

the officer enter the bedroom and shoot the pit bull dog. The shot Ms. Tolbert heard was Officer Pfaff discharging his weapon in the living room. (A 83). Although Ms. Tolbert believed she heard two gun shots, the physical evidence recovered at the scene, i.e. a single casing and round, belies this assertion.

Plaintiff fails to demonstrate to the Court any evidentiary support for the allegations contained in his Complaint. Rather, Plaintiff merely offers to the Court suppositions, bald allegations, unsupported facts, and mis-characterized statements from the various affidavits and transcribed statements. This is insufficient to overcome Defendants' Motion for Summary Judgment. Plaintiff is required to put forth concrete, probative evidence such that a reasonable fact finder may find in his favor. Having failed to do so, the Defendants are entitled to judgment as a matter of law for the reasons stated in their Opening Brief.

## CONCLUSION

WHEREFORE, in light of the foregoing, Plaintiff is unable to maintain a claim under 42 U.S.C. §1983 for a violation of his Constitutional Rights. Therefore, the Court must grant summary judgment in favor of Defendants and dismiss Plaintiff's Complaint with prejudice.

/s/ Rosamaria Tassone, Esquire, ( I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington

Date: March 9, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-415 SLR |
| | ) |
| JOHN DOES 1-7, | ) |
| DONALD J. BOWMAN, JR., | ) |
| CITY OF WILMINGTON DELAWARE, | ) |
| DELAWARE S.P.C.A., and | ) |
| SGT. ELLIOTT, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esquire hereby certify that on this 9th day of March, 2005, I electronically filed Defendants John Does 1-7, Donald J. Bowman, Jr., City of Wilmington Delaware and Sgt. Elliott's Reply Brief In Support of Their Motion for Summary Judgment with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and these documents are available for viewing and downloading from CM/ECF:

<u>(Via U.S. Mail)</u>
Eric A. Chambers
#04536-015
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

<u>(Via Electronic Filing)</u>
Donald L. Gouge, Jr., Esquire
Heiman, Gouge & Kaufman LLP
800 King Street
Suite 303
Wilmington, DE 19801

<u>/s/ Rosamaria Tassone, Esquire, ( I.D. #3546)</u>
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington