ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Eric A. Chambers,
    Plaintiff.

v.                                C.A. No. 04-415-SLR

John Does 1-7,
Donald J. Bowman, JR.,
City of Wilmington Delaware,
Delaware S.P.C.A., and
SGT. Elliott,
    Defendants.



FILED
MAR 16 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION TO DISMISS OR DENY DEFENDANT: S.P.C.A.'S
MOTION FOR SUMMARY JUDGEMENT AND RULE 12B(6)
MOTION

Dated: March 11, 2005

Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

NOW COMES, the Plaintiff, herein litigating cause as to why the Defendant's ( S.P.C.A. ) Motions should be DISMISSED and DENIED.

The Plaintiff herein supports his position that the S.P.C.A. conspired with the State Actors, to deprive him of his Constitutional Rights and to cover this deprivation up.

The S.P.C.A. employee who removed plaintiff's dog from the residence, did infact examine the animal and wounds... with Sergeant Robert E. Donovan. see Affidavit of Sergeant Robert E. Donovan, page A-94, #'s 9 and 10, of <u>Appendix to Defendant's John Does 1-5, et al, Motion for Summary Judgement</u>; " We examined the dog...".

This provides proof, that the S.P.C.A. employee DID examine the dog at the scene/location of the residence. Which is contrary to what is being sworn to and alleged; on page 2, 2nd paragraph of <u>Defendants' Motion to Dismiss and Summary Judgement</u>. This also provides proof that the S.P.C.A.'s Motion for Summary Judgement's SWORN and SUBSCRIBED FACTS... are FALSE. In the S.P.C.A.'s motion for summary judgement and the 12B(6) motion, the S.P.C.A. alleges that " No type of post-mortem examination was done ".

The S.P.C.A. employee, in this case **DID** conduct a post-mortem examination, as Sergeant Donovan, of the Wilmington Police Department's Criminal Investigation Division clearly states, in his SWORN deposition: " <u>We</u> examined the body of the pit bull dog at the residence to determine where the dog was shot, and how many rounds struck the pit bull dog ".

(2)

This, provides proof that the S.P.C.A. employee did infact conduct a post-mortem examination, and intentionally ommitted or failed to make a record of the results and findings, and LIED in/by stating he didn't.

This also provides evidence of the participation and existence of/in the Conspiracy.

The S.P.C.A. employee and the S.P.C.A.'s manager failed to make a record of the post-mortem examination - because of the implied directives and instructions (not to), given by the officers (defendants), at the scene of the shooting.

A reasonable jury would find that; the S.P.C.A. employee was instructed not to make any reports regarding the examinations at the residence with Sergeant Donovan, and the jury would find that this omitting of the report/record, was done to further the conspiracy and prevent the plaintiff from exercizing his Constitutional and Rights to Due Process.

In addition, the Defendant (S.P.C.A.) also alleges that the owner, plaintiff Eric Chambers, did not contact the S.P.C.A. until September 9, 2003. However, the plaintiff infact called the S.P.C.A., in reference to his dog, two (2) weeks after the incident. From the Federal Courthouse in Harrisburg Pennsylvania's Federal Marshall's Office. Inwhich plaintiff will be submitting a sworn affidavit from the Federal Marshall who approved the call.

Incidentally, whenever the plaintiff's dog was cremated, there should be some form of a report establishing a DATE and TIME of the procedure. If there is a policy as to WHEN/HOW LONG an animal is to be "stored" (in their facility), surely there

(3)

is a policy to document exact dates, times, ect... if for no other reason than for " labor hours ".

Last but not least, the S.P.C.A. has provided a copy of the <u>Daily Stray Worksheet</u>, page AB 1, of their <u>Memorandum of Points, ETC</u>. However, the plaintiff and a jury would question; How can/does a report that's supposed to be logged and established on a daily basis, BEGIN on 6-24-02 ( it's first entry), then go to 6-30-02 ( the second entry), <u>BACK TO</u> 6-25-02 ( the third and fourth entries), <u>and finally back again</u>, to 6-24-02 (the plaintiff's dog and last entry) ?

The specified " Date In " is Monday 6-24-02... the " Date Up" is Sunday 6-30-02. So how is it possible for the 2nd, 3rd and 4th entries - to come/ be logged **BEFORE** the 5th entry?! That just can not be the chronological order of the entries, animals, and most importantly: the DATES.

**THEREFORE,** the plaintiff requests that this Honorable Court Dismiss and/or Deny the Defendants' Motion for Summary Judgement and Rule 12B(6) Motion.

*Eric A. Chambers* (signature)
Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O.Box 2000
White Deer, PA. 17887

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-415 SLR |
| | ) |
| JOHN DOES 1-7, | ) |
| DONALD J. BOWMAN, JR., | ) |
| CITY OF WILMINGTON DELAWARE, | ) |
| DELAWARE S.P.C.A., and | ) |
| SGT. ELLIOTT, | ) |
| Defendants. | ) |

### AFFIDAVIT OF SERGEANT ROBERT E. DONOVAN

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| COUNTY OF NEW CASTLE | ) |

I, ROBERT E. DONOVAN, being duly sworn according to law, depose and state that the information contained herein is based on my own personal knowledge and is true and correct:

1) My name is Robert E. Donovan.

2) I am a City of Wilmington Police Officer and currently hold the rank of Master Sergeant in the Criminal Investigations Division.

3) I have been employed as a City of Wilmington Police Officer for approximately 17 years.

4) On June 24, 2002, the Wilmington Police Department assisted the Federal Bureau of Alcohol, Tobacco, and Firearms in executing a search warrant for Plaintiff Eric Chambers at 2704 Creston Place. While executing the search warrant, Officer Randolph Pfaff, a member of the Wilmington Police Department Crisis Management Team, was forced to shoot a pit bull dog located in the residence.

5) In accordance with Wilmington Police Department procedures, I was assigned from the

Criminal Investigations Division to investigated the shooting of Plaintiff's pit bull dog to determine whether the use of deadly force was justified and did not violate any criminal statutes.

6) Based upon my investigation, I concluded that Officer Pfaff's use of deadly force against Plaintiff's pit bull dog was justified, and that Officer Pfaff acted appropriately in the situation he encountered. Officer Pfaff's actions did not violate any State statute or City ordinance. (See my Supplement Report under case no. 30-02-63172 for further details).

7) During the course of my investigation, I determined that only one round was discharged.

8) The Wilmington Police Department contacts the S.P.C.A. to respond to all animal complaints and animal shootings in the City of Wilmington. Consistent with this procedure, the S.P.C.A. was contacted in response to the shooting of Plaintiff's pit bull dog.

9) During the course of my investigation, I spoke to the S.P.C.A. agent who responded to the scene. We examined the body of the pit bull dog at the residence to determine where the dog was shot, and how many rounds struck the pit bull dog. I observed a small entrance wound and an exit wound. The location of the entrance wound was consistent with facts of the shooting as provided by Officer Pfaff. It was clear from my examination that the pit bull dog was only struck once. There was no need for a necropsy.

10) After the examination of the pit bull dog was complete, the S.P.C.A. removed the body of the dead animal from the residence. It would not have been appropriate to leave the body of the dead animal at the residence. I did not request that the S.P.C.A. cremate the body of the pit bull dog. I assumed that the S.P.C.A. would follow its procedures in disposing of the body of the pit bull dog.

11) I did not conspire with any member of the Wilmington Police Department or Delaware S.P.C.A. to conceal any wrongdoing. I am unaware of the existence of any such conspiracy.

_____
Robert E. Donovan

SWORN TO AND SUBSCRIBED before me this 26th day of JANUARY, 2005.

_____
Notary Public

DONNA L. KELLAM
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Sept. 3, 2006

A-96

Sergeant Robert E. Donovan (A-95) when he states that the SPCA was contacted in response to the shooting of the Plaintiff's pit bull dog.

The SPCA does not have any records to confirm the nature and extent of the wound suffered by the dog, its cause of death or how many rounds may have struck the dog. The SPCA further agrees that there was no need for a necropsy, as the cause of death was known (A-95). The SPCA did not conduct any type of postmortem examination. The SPCA does not routinely conduct postmortem examinations.

The SPCA did remove the dead dog from the residence the night of June 24, 2002 (Daily Stray Worksheet, AB-1). The dog was stored at SPCA for about six weeks until it was disposed of by cremation in mid-August 2002, (Affidavit of John E. Caldwell, Director of the Delaware SPCA, AB-2). The policy at the SPCA then and now is that a dead animal will be held for ten (10) days. (AB-4). If the SPCA is not contacted by the owner within ten days, then the animal is disposed of by cremation. In this case, because the dog apparently died due to a gunshot wound, it was held well beyond the required 10 days.

The SPCA in this case had no reason to undertake any investigation into the cause of death, the dog's temperament or disposition, nor is there any requirement that it do so. The dog was dead when the SPCA was called to the scene.

The apparent owner of the dog, plaintiff Eric Chambers ("Chambers") did not contact the SPCA until September 9, 2003, which is over 14 months after the incident in question (AB-5). The SPCA responded in a letter dated September 29, 2003, attaching the intake record (AB-6).

## STANDARD OF REVIEW

The SPCA adopts the Standard of Review contained within the co-defendants' opening brief.

DAILY STRAY WORKSHEET   DATE IN 6/24/03   DATE UP 6/30/03

Monday ___ Sunday ___

Page 2

| Tag # | Dog/Cat/Other | Collars Etc. | Age | Sex | Color | Markings | Remarks | Area Found | FINAL DISP. |
|---|---|---|---|---|---|---|---|---|---|
| | DSH | | 4/8 wk | | wht | grey | sick | Rosemont Ch - w/kim | PTS 6/24/03 |
| | terrier | | | m | blk | wht | | Rt 7 + Rt 40 | |
| | lennox | | | f | black | | | Glasgow Hg School - Rst 896 | |
| | DSH | | 3 yr | | grey | wht | | Christiana Vlg | |
| | DSH | | yr | f | orange | | found in sun | 228 Stumes St wil | RD 6/30/02 |
| | pit x | choker | yr | m | brn wht | | HBD w/IO | middle Pl Westwoods | RD 6/25/03 |
| | SHC D | | yr | f | wht | | rear/right leg bleed Apt 3 | Woodbine hwk Apt | RD 6/25/03 |
| | pit | | yr | f | brindle | | up D - shot | 2724 Creston Rd | PTS 6/24/02 |

AB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC A. CHAMBERS,
    PLAINTIFF.

v.

JOHN DOES 1-7,
DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE,
DELAWARE S.P.C.A., and
SGT. ELLIOTT,
    DEFENDANTS.

C.A. No. 04-415-SLR
JUDGE: HONORABLE SUE L.
    ROBINSON

## ORDER

IT IS HEREBY ORDERED that on this _____ day of _____, 2005 Plaintiff's Motion to Dismiss or Deny the S.P.C.A.'s Motion for Summary Judgement and Rule 12B(6) Motion is hereby **DENIED**.

_____
J

## DECLARATION

I, Eric A. Chambers hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, on this 11thday of Mar., 2005.

*[signature]*

Fed. Reg. No.
FCI Allenwood (Medium)
P.O. Box 2000
White Deer, PA. 17887-2000

## CERTIFICATE OF SERVICE

I, Eric A. Chambers hereby certify that the foregoing Pleading, along with the declaration, have been served by placement in this institutional legal mailbox, first-class postage prepaid, on this 11th day of March, 2005, to:

1. Peter T. Dalleo
   CLERK
   Lockbox 18
   844 King street
   U.S. District Court
   Wilmington, DE. 19801

2. Rosamaria Tassone, Esq.
   City of Wilmington Law Department
   800 French Street, 9th floor
   Wilmington, DE. 19801

3. Donald L. Gouge Jr., Esq.
   800 King Street, Suite 303
   P.O. Box 1674
   Wilmington, DE. 19801

*[signature]*

Fed. Reg. No.
FCI Allenwood (Medium)
P.O. Box 2000
White Deer, PA. 17887-2000

RE: PLAINTIFF'S MOTION TO DISMISS
AND DENY DEFENDANT (S.P.C.A.)'S MOTION FOR SUMMARY JUDGEMENT
AND MOTION REQUESTING PERMISSION TO PERFORM INTERROGATORIES
AND AMEND HIS COMPLAINT AFTER INTERROGATORIES ARE COMPLETE.