IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOES 1-7, )<br>DONALD J. BOWMAN, JR., )<br>CITY OF WILMINGTON DELAWARE, )<br>DELAWARE S.P.C.A., and )<br>SGT. ELLIOTT, )<br>      Defendants. ) | C.A. No. 04-415(SLR) |

**DEFENDANT DELAWARE SPCA' S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), OR IN THE ALTERNATIVE, ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

The Plaintiff, Eric A. Chambers ("Chambers") in his answer to the motion to dismiss filed by defendant Delaware SPCA ("SPCA") fails to demonstrate a genuine issue of material fact necessary to defeat SPCA's motion. Chambers offers the Court absolutely no evidentiary support for the allegations contained in his Complaint that the SPCA somehow conspired against him or is guilty of spoliation. Chambers continues to rely upon the unsubstantiated allegations and conclusory statement of facts set forth in his Complaint.

In Chambers' response to the SPCA's motion to dismiss, he fails to cite any evidence to support his allegation that the SPCA conspired against him with the Wilmington Police Department ("WPD"). His only "evidence" is to point to the affidavit of WPD officer Robert E. Donovan. A close examination of the affidavit reveals that Officer Donovan stated that **I** observed a small entrance wound and an exit wound….It was clear from **my** examination that the pit bull dog was only struck one. There was no need for a necropsy." (Emphasis added) A-95.

This single passage from the affidavit of Officer Donovan does not support the allegations contained in the Complaint or Chambers' opposition to the SPCA's motion to dismiss.

Chambers does not present any record from which the Court could reasonably conclude that a genuine issue of material fact exists warranting a trial. In addition, Chambers fails to cite relevant case law which supports his position for a cause of action for spoliation under Delaware law.

The SPCA supports and adopts the co-defendants' reply in support of their motion to dismiss as it pertains to the allegations concerning the dog, including but not limited to the lack of a conspiracy. The SPCA agrees with the co-defendants' position on page two of its reply brief that summary judgment would serve to "avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Fraser v. Pennsylvania State System of Higher Education, et al., 1994 U.S. Dist. LEXIS 7409, *8 (E.D. Pa. June 6, 1994), citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

The evidence reveals that the SPCA was called to the scene after the fact by WPD. The sole role of the SPCA in this matter was that it removed the dog, stored the body at its facility and then cremated it, all pursuant to its policy. The SPCA had no obligation to conduct a post-mortem examination or document the cause of death. Chambers has not presented any evidence to support a cause of action against the SPCA. Furthermore, all of the WPD affidavits, there is no possible evidence of a conspiracy. Chambers has cited no evidence, other than conclusory statements to support a conspiracy theory.

WHEREFORE, since there is no cause of action in Delaware for spoliation of evidence, and plaintiff has presented no evidence of conspiracy, the Plaintiff's claim must be dismissed with prejudice, or in the alternative summary judgment granted for defendant Delaware SPCA.

        HEIMAN, GOUGE & KAUFMAN, LLP

        */s/ Donald L. Gouge, Jr.*
        Donald L. Gouge, Jr. (DSB # 2234)
        800 King Street, Suite 303
        P.O. Box 1674
        Wilmington, DE 19801
        (302) 658-1800
        (302) 658-1473 (fax)
        dgouge@hgkde.com

        Attorney for Delaware SPCA

Dated: March 24, 2005