IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.  04-415 SLR |
| ) | |
| JOHN DOES 1-7, ) | |
| DONALD J. BOWMAN, JR., ) | |
| CITY OF WILMINGTON DELAWARE, ) | |
| DELAWARE S.P.C.A., and ) | |
| SGT. ELLIOTT, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR DISCOVERY PURSUANT TO CIVIL RULE 16**

Defendants City of Wilmington, Donald Bowman, Jr., Steven Elliott, and John Does 1-5 (hereinafter "City Defendants"), by and through counsel, hereby move this Honorable Court to deny Plaintiff Eric A. Chambers' Motion for Discovery (D.I. 21) as moot and to consider the evidentiary record closed for purposes of deciding Defendants' Motion for Summary Judgment. In support of their position, the City Defendants offer the following:

1. On June 21, 2004, Plaintiff Eric A. Chambers filed his Complaint in the above captioned matter. (D.I. 2). On November 12, 2004, the City Defendants executed and filed waivers of service. (D.I. 13-15). The deadline to answer or otherwise plead to Plaintiff's Complaint was January 11, 2005.

2. On January 10, 2005, the City Defendants filed a Motion to Extend the Time Period for Filing an Answer. (D.I. 16). The Court granted the City Defendants' Motion and the deadline was extended to February 1, 2005.

3. On February 1, 2005, the City Defendants file their Motion for Summary Judgment. In support of their Motion, the City Defendants filed an appendix containing copies of the following

documents: a criminal indictment of Plaintiff on weapons related charges; the search warrant authorizing a search of 2704 Creston Place for the purpose of apprehending Plaintiff; the Wilmington Police Department Crisis Management Tactical Team After Action Report for each of the police officers involved in the search warrant executed at 2704 Creston Place where Plaintiff was taken into custody; the Wilmington Police Department Initial Crime Report, together with Supplement Reports, detailing the basis of the application for the search warrant and Plaintiff's arrest; the press release associated with Plaintiff's arrest and the death of his pit bull dog; the Wilmington Police Department Supplement Reports detailing the two departmental investigations into the shooting of Plaintiff's pit bull dog, together with one of the investigator's handwritten notes; transcripts of the four (4) witness interviews taken in connection with the departmental investigation; affidavits from the named City Defendants and all officers involved in the search warrant executed at 2704 Creston Place, with the exception of Detective Danny Silva, who was deployed overseas to Iraq; photographs of Plaintiff's pit bull dog and the scene of its shooting; and the relevant portion of the Wilmington Police Department policy on "use of force" contained in Directive 6.7. (D.I. 18-20).

4.    On February 2, 2005, one day after the City Defendants filed their Motion for Summary Judgment, the City Defendants received via mail Plaintiff's Motion for Discovery.[1] In his Motion, Plaintiff requests all incident reports and documents related to his arrest and the shooting of his pit bull dog; the names of the officers involved in the search of 2704 Creston Place, including the supervising officer; the names of the officers who investigated the shooting of Plaintiff's pit bull

---

[1] Plaintiff's Motion for Discovery is dated January 18, 2005. On January 25, 2005, the Court rejected the filing Plaintiff's Motion because he failed to serve his Motion on counsel for the City Defendants. (D.I. 17). On February 2, 2005, counsel received a copy of Plaintiff's Motion. The Certificate of Service attached to the Motion indicates that it was mailed to the City Defendants on January 30, 2005. (D.I. 21).

dog; the Wilmington Police Department's policies on "use of deadly force" and "non-lethal measures pertaining to dogs"; policies related to circumstances involving "pets in occupied dwellings - when serving warrants"; and various statutes and ordinances relating to dogs.

    5.    Given the fact that Plaintiff filed his Motion for Discovery prior to the City Defendants filing an answer to his Complaint, Plaintiff's Motion was premature. Federal Rule of Civil Procedure 16, incorrectly cited by Plaintiff as authority for his request for discoverable information, establishes the case management methods utilized by the Court. Specifically, Rule 16 provides for scheduling orders and pre-trial conferences. A scheduling order issued under Rule 16 sets forth the parameters and timing of discovery. In the present matter, no scheduling order had been issued by the Court, and Plaintiff's request for discovery prior to the filing of an Answer was inappropriate.

    6.    Notwithstanding this fact, Plaintiff's Motion for Discovery was rendered moot by the filing of the City Defendants' Motion for Summary Judgment which contained all available information requested in his Motion, with the exception of the statutes and ordinances relating to dogs, a complete copy of Directive 6.7, and a privileged and confidential legal memorandum by former Assistant City Solicitor Aaron Goldstein providing an initial review of the pit bull shooting and clearing Detective Randolph Pfaff for regular duty.

    7.    With regard to Plaintiff's request that the City Defendants provide him with statutes and ordinances, Plaintiff is requesting that the City Defendants undertake his legal research. Such a request is inappropriate and does not fall within the category of discoverable information contemplated by Federal Rule of Civil Procedure 26(b).

    8.    Given the fact that the relevant portions of Directive 6.7 have already been provided to Plaintiff in the Motion for Summary Judgment, the City Defendants will also

provide Plaintiff with a copy of the full text of Directive 6.7.  (Att. 1).

9.     Lastly, the memorandum authored by former Assistant City Solicitor Aaron Goldstein is not discoverable material under Federal Rule of Civil Procedure 26(b) because it is a privileged attorney work product.

WHEREFORE, the City Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Discovery as Moot and consider the evidentiary record closed for purposes of deciding Defendants' Motion for Summary Judgment.

/s/ Rosamaria Tassone
Rosamaria Tassone (I.D. #3546)
Assistant City Solicitor
Louis J. Redding City/County Bldg.
800 N. French St., 9th Flr.
Wilmington, DE 19801
Attorney for the City Defendants

Date:  August 15, 2005