IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC A. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.   04-415 SLR |
| | ) | |
| JOHN DOES 1-7, | ) | |
| DONALD J. BOWMAN, JR., | ) | |
| CITY OF WILMINGTON DELAWARE, | ) | |
| DELAWARE S.P.C.A., and | ) | |
| SGT. ELLIOTT, | ) | |
| Defendants. | ) | |

**DEFENDANTS JOHN DOES 1-5, DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE, AND SGT. ELLIOTT'S
RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND/OR MOTION TO COMPEL**

Defendants City of Wilmington, Donald Bowman, Jr., Steven Elliott, and John Does 1-5 (hereinafter "City Defendants"), by and through counsel, hereby move this Honorable Court to deny Plaintiff Eric A. Chambers' Motion for Default Judgment and/or Motion to Compel, and to consider the evidentiary record closed for purposes of deciding Defendants' Motion for Summary Judgment. In support of their position, the City Defendants offer the following:

1)   On June 21, 2004, Plaintiff Eric A. Chambers filed his Complaint in the above captioned matter. (D.I. 2). On November 12, 2004, the City Defendants executed and filed waivers of service. (D.I. 13-15).  The deadline to answer or otherwise plead to Plaintiff's Complaint was January 11, 2005. On January 10, 2005, the City Defendants filed a Motion to Extend the Time Period for Filing an Answer. (D.I. 16).  The Court granted the City Defendants' Motion and the

deadline was extended to February 1, 2005. On February 1, 2005, the City Defendants filed a response to Plaintiff's Complaint in the form of a Motion for Summary Judgment. As such, Plaintiff's Motion for Default Judgment is inappropriate and must be denied.

2) On February 18, 2005, Plaintiff filed a motion entitled "Motion for Leave to File 2nd Amended Complaint and Interrogatories." (D.I. 28). On March 16, 2005, Plaintiff filed a motion entitled "Motion Requesting Permission to Perform Interrogatories to the Defendants' (sic) and/or Allow Plaintiff to Amend the Complaint After Interrogatories are Complete."[1] (D.I. 38).

3) On May 20, 2005, the Court issued an Order denying in part and granting in part Plaintiff's Motions. (D.I. 41). In its Order, the Court granted Plaintiff leave to submit no more than ten (10) interrogatories, including sub-parts, to the City Defendants on or before June 10, 2005. The Court denied as premature Plaintiff's request to file an amended Complaint and indicated that Plaintiff may file a supplemental response to the City Defendant's Motion for Summary Judgment, incorporating any new facts ascertained through his interrogatories. Upon a subsequent motion by the Plaintiff, and with no objection by the City Defendants, the Court extended Plaintiff's deadline to file his ten (10) interrogatories to June 30, 2005. (D.I. 42, 43).

4) On June 23, 2005, despite the clarity of the Court's Order, Plaintiff submitted 124 interrogatories directed to the SPCA, John Saville (an SPCA employee), Aaron Goldstein (a former Assistant City Solicitor who is not a named defendant), and twelve (12) Wilmington Police Department officers who are also not named defendants, but at this point, only witnesses to the alleged events contained in the Complaint. (D.I. 44). On June 27, 2005, counsel for the City Defendants advised Plaintiff in writing that according to the Court's Orders, he was only permitted

---

[1] In his Motion, Plaintiff only requested leave to "submit Interrogatories on the Defendants' (sic) S.P.C.A....." Plaintiff's request was not directed to the City Defendants. (D.I. 38).

to propound a total of ten (10) interrogatories, including sub-parts, directed solely to the City Defendants. Consistent with the Court's Orders, counsel requested that Plaintiff re-submit ten (10) interrogatories directed to the City Defendants. Counsel further advised Plaintiff that once in receipt of his interrogatories, the City Defendants would promptly provide their responses. (D.I. 45, Ex. A). Plaintiff never responded to the City Defendants' letter nor did he submit the ten interrogatories which the Court granted him leave to propound.  Given the fact that Plaintiff did not follow the Court's explicit Order, and the City Defendants notified Plaintiff of their objection in a timely manner and requested that he re-submit ten (10) interrogatories, which he failed to do, Plaintiff's Motion to Compel is unfounded and meritless.

5)    Notwithstanding the above, on July 14, 2005, the Court ordered Defendants to respond to Plaintiff's Motion for Discovery. (D.I. 21). (Plaintiff's Motion for Discovery was received by the City Defendants subsequent to the filing of their Motion for Summary Judgment.) Additionally, the Court revisited Plaintiff's other discovery related motions and denied without prejudice to renew Plaintiff's Motion for Leave to File 2nd Amended Complaint and Interrogatories (D.I. 28). (D.I. 47). The Court's July 14, 2005 Order thereby negated its previous Order dated May 20, 2005 which permitted Plaintiff to submit to the City Defendants ten (10) interrogatories. Given the fact that the May 20, 2005 Order forms the basis for Plaintiff's current Motion for Default Judgment and/or Motion to Compel, the Court must dismiss Plaintiff's Motions as the City Defendants are not required to respond to Plaintiff's interrogatories at this time because the Court has withdrawn its previous permission granting leave to file the interrogatories.

WHEREFORE, the City Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Default Judgment and/or Motion to Compel for the above stated reasons and consider the evidentiary record closed for purposes of deciding Defendants' Motion for Summary Judgment.

    /s/ Rosamaria Tassone
Rosamaria Tassone, Esquire, ( I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington

Date: September 13, 2005