IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC A. CHAMBERS,

    Plaintiff,

  v.                                    Case No. 04-415 SLR

JOHN DOES 1-7,
DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE,
DELAWARE S.P.C.A., and
SGT. ELLIOTT,

    Defendants.

FILED
OCT 13 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S INTERROGATORIES FOR
CITY DEFENDANTS; JOHN DOES 1-7 AND SGT. ELLIOTT

COMES NOW, PLAINTIFF, ERIC A. CHAMBERS, PURSUANT TO RULE 33 AND 34, FED.R.CIV.P., AND COURT ORDER, THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANT(S). YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN WRITING UNDER OATH.

<u>  Mike Rodriguez  </u>

1. When you seen the dogs, for the first time, were the dogs barking/ growling or charging you?

2. Before the plaintiff was visually seen and the door was breeched, how many times was the front door hit with the battering ram, before you and the CMTT officers were able to enter the residence?

Date: _____   Signature: _____

Address: _____

(1)

COMES NOW, PLAINTIFF, ERIC A. CHAMBERS, PURSUANT TO RULE 33 AND 34, FED.R.CIV.P., AND COURT ORDER. THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANT(S). YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN WRITING UNDER OATH.

### Randy Pfaff

1. According to the Wilmington Police Department's USE OF FORCE/DEPARTMENTAL WEAPONS, Directive 6.7, part IV. Continum: (page A-123 of the defendants' appendix for summary judgement)...your department has a prescribed continum of force to be followed... was this procedure, uniform policy and/or directive followed **BEFORE** the use of deadly force and the jeopardizing of the safety of the chidren and other family members? (Especially in accordance with III. 3. Reasonable Belief, of the Directive)

*** It should be noted that the USE OF FORCE/DEPARTMENT WEAPONS **DIRECTIVE** that was provided to the plaintiff, is a revised edition as of 11 May 2004. The incident at hand occurred on 24 June 2002. Wherein, the entire Directive of **THAT** time period may be different, and should have been provided. Not the Directive or Departmental Policy in effect- after the fact.

2. Did you and your fellow officers have prior knowledge and information, that there were animals/pets and small chidren, in the house BEFORE/PRIOR to executing the warrant?

(2)

3. If the dog was shot (by you) and ran past Mike (and we assume the Plaintiff), can you attempt to explain or give YOUR opinion- as to HOW or WHY officers 7th, 8th, and 9th in the lineup (as the officers entered the residence), COULD HAVE or WOULD HAVE been able to hear the Plaintiff say; " don't shoot my dog" , when He (the Plaintiff) would have ALREADY seen/witnessed YOU doing so? (If He was supposedly on the stairs)

Date; _____    Signature: _____
                                Address: _____

(3)

COMES NOW, PLAINTIFF, ERIC A. CHAMBERS, PURSUANT TO RULE 33 AND 34, FED.R.CIV.P., AND COURT ORDER. THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANT(S). YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN WRITING UNDER OATH.

<u>Mathew J. Severance</u>

1. You were last in the door of the residence and heard the Plaintiff state; "don't shoot my dog", so the dog wasn't shot until after you entered the residence correct?

Date: _____          Signature: _____

                               Address: _____

(4)

COMES NOW, PLAINTIFF, ERIC A. CHAMBERS, PURSUANT TO RULE 33 AND 34, FED.R.CIV.P., AND COURT ORDER. THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANT(S). YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN WRITING UNDER OATH.

<u>Steven T. Elliott</u>

1. During the course of your investigation, to learn the facts and circumstances to justify the use of deadly force as proper conduct...did you interview or make any attempts to do so, anyone other than the Wilmington Police Officers? (for example;)

    a. any of the eye witnesses who were outside of their residences watching the entire incident
    b. the young black male the CMTT officers confronted and detained on the porch
    c. any of the ATF agents who were involved and present at the scene
    d. or even the Plaintiff himself, afterall, the entire incident/arrest was about/for him

Date: _____   Signature: _____

                                Address: _____

(5)

COMES NOW, PLAINTIFF, ERIC A. CHAMBERS, PURSUANT TO RULE 33 AND 34, FED.R.CIV.P., AND COURT ORDER. THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANT(S). YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN WRITING UNDER OATH.

<u>David M. Simmons</u>

1. Can you provide an explination (strictly your own opinion); How three (3) **DIFFERENT officers**, at three (3) **DIFFERENT TIME PERIODS** - can/would <u>testify</u> that they all "<u>ordered</u>", "<u>escorted</u>" and "<u>physically moved</u>"... the same plaintiff, from the same set of stairs? (YOU being one of the three (3) different officers)

Date: _____    Signature: _____

Address: _____

COMES NOW, PLAINTIFF, ERIC A. CHAMBERS, PURSUANT TO RULE 33 AND 34, FED.R.CIV.P., AND COURT ORDER. THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANT(S). YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN WRITING UNDER OATH.

### Coffiey

1. How is it/can you explain; How it was possible fdr you to confront the Plaintiff on the stairs, when officer Rodriguez had supposedly already brought the plaintiff down the stairs and handcuffed him on the floor - by the time you would have entered the residence (according to the order/lineup the officers entered the residence)?

2. Did you **SEE** the dog run up the stairs, stop behind the suspect and start barking?

Date: _____     Signature: _____

　　　　　　　　　　　　　　　　　　　Address: _____

(7)

DECLARATION

I, Eric Chambers, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, on this 11th day of Oct. 2005.

*[signature]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887-2000


CERTIFICATE OF SERVICE

I, Eric Chambers, hereby certify that the foregoing Pleading, along with the declaration, have been served by placement in this institutional legal mailbox, first-class postage prepaid, on this 11th day of Oct., 2005, to:

a. Office of the Clerk
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, DE. 19801-3570

b. Rosamaria Tassone
Assistant City Solicitor
Louis J. Redding City/County Bldg.
800 N. French St., 9th flr.
Wilmington, DE. 19801

c. Donald L. Gouge Jr.
800 King St., Suite 303
P.O. Box 1674
Wilmington, DE. 19801

*[signature]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

RE:



Eric Chambers
# 04536-015
FCi Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

Office Of The CLERK
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, DE. 19801-3570