IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS,<br>      Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-7,<br>DONALD J. BOWMAN, JR.,<br>CITY OF WILMINGTON DELAWARE,<br>DELAWARE S.P.C.A., and<br>SGT. ELLIOTT,<br>      Defendants. | )<br>)<br>)<br>)   C.A. No. 04-415(SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT DELAWARE SPCA

### PRELIMINARY STATEMENT

This portion of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, denied.

### JURISDICTION

1. This allegation states a legal conclusion to which no response is necessary.

2. This answering defendant is without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph regarding plaintiff's efforts to ascertain the identities of the John Doe defendants. The remainder of the allegation states a legal conclusion to which no response is necessary.

3-5  The answering defendant Delaware SPCA ("SPCA") is without sufficient information to form a belief as to the truth of the allegations.

6. This paragraph is not directed to the answering defendants. Plaintiff has not amended the complaint to specifically identify the John Doe defendants. Said defendants have

not been properly served with the complaint and are not required to respond to the complaint at this time. To the extent that a response is required, denied.

7-8.    The SPCA is without sufficient information to form a belief as to the truth of the allegations.

9.    Denied.

10.    The SPCA is without sufficient information to form a belief as to the truth of the allegation.

11.    Denied.

## FACTS

12-21.    The SPCA is without sufficient information to form a belief as to the truth of the allegations.

22.    Admitted that the SPCA was called by the City of Wilmington to retrieve a dead dog. The SPCA is without sufficient information to form a belief as to the truth of the remaining allegations.

23-34.    The SPCA is without sufficient information to form a belief as to the truth of the allegations.

35.    Admitted that the SPCA was called by the City of Wilmington to retrieve a dead dog. The SPCA is without sufficient information to form a belief as to the truth of the remaining allegations.

36-38.    This paragraph is not directed to the SPCA. Plaintiff has not amended the complaint to specifically identify the John Doe defendants. Said defendants have not been

properly served with process and are not required to respond to the complaint at this time. To the extent necessary, denied.

39-41. The SPCA is without sufficient information to form a belief as to the truth of the allegations.

## CAUSE OF ACTION

42-69. These alleged causes of action do not pertain to the SPCA. To the extent necessary, denied.

70-77. Denied.

78-85. These alleged causes of action do not pertain to the SPCA. To the extent necessary, denied.

## CLAIMS FOR RELIEF

86-88. The relief sought does not pertain to the SPCA. To the extent necessary, denied.

89-91. Denied.

92-94. The relief sought does not pertain to the SPCA. To the extent necessary, denied.

## AFFIRMATIVE DEFENSES

95. Plaintiff has failed to state a claim upon which relief can be granted.

96. The complaint must be dismissed due to improper service.

97. The complaint must be dismissed for the failure to join indispensable parties.

98. The actions and conduct of the SPCA did not rise to the level of a Constitutional violation, and therefore, plaintiff did not suffer any infringement of his Constitutional rights.

99. The conduct of the SPCA was objectively reasonable under the circumstances under which the SPCA was aware, therefore, its actions did not violate plaintiff's Constitutional rights.

100. The actions and conduct of the SPCA did not violate any clearly established Constitutional or Federal statutory rights of which the SPCA reasonably should have been aware, and they are, therefore, entitled to qualified immunity.

101. The actions of the SPCA was taken in good faith and therefore privileged.

102. Plaintiff's injuries, if any, were the proximately caused by his own wrongful, wanton, willful, reckless, and/or negligent acts.

103. Punitive damages are not recoverable.

WHEREFORE, SPCA demands that the plaintiff's complaint be dismissed with prejudice and all costs, fees and attorney's fees be assessed against the plaintiff and awarded to the SPCA.

> */s/ Donald L. Gouge, Jr. #2234*
> DONALD L. GOUGE, JR (#2234)
> 800 N. King Street, Suite 303
> Wilmington, DE  19801
> (302) 658-1800x2
> Attorney for SPCA

DATED:  October 17, 2005