IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS,<br>   Plaintiff,<br><br>  v.<br><br>JOHN DOES 1-7,<br>DONALD J. BOWMAN, JR.,<br>CITY OF WILMINGTON DELAWARE,<br>DELAWARE S.P.C.A., and<br>SGT. ELLIOTT,<br>   Defendants. | )<br>)<br>)<br>) C.A. No. 04-415(SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Delaware SPCA ("SPCA") hereby responds to Chambers' first set of interrogatories, pursuant to Rule 33.  SPCA reserves its right to supplement these responses based on additional facts and documents that they may discover pursuant to their ongoing investigation of the various claims and defenses and counterclaims asserted in this case.

## RESERVATION OF RIGHTS

These responses and objections are made without waiving or intending to waive any confidence, privilege or immunity, and while preserving, *inter alia*:

  A. all objections and/or questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, with regard to the response or the subject matter thereof, at any hearing or trial; and

  B. the right to object on any ground at any time to a demand for further response to these or any other discovery requests; and

  C. the right at any time to revise or supplement these responses; and

  D. SPCA responds to these discovery requests without admitting the relevance, materiality or admissibility of any response contained herein.

**SPCA'S GENERAL OBJECTIONS**

The following objections (the "general objections") are applicable to every discovery request as though separately restate in response to each. Each response is subject to the general objections and will not include information covered by the general objections unless otherwise provided in that particular response.

1. SPCA objects to the extent any discovery request fails to meet Rule 33 and the Court's order limiting Chambers to ten (10) interrogatories. Many interrogatories are multiple and/or compound questions and therefore exceed the scope of the Court's order.

2. SPCA objects to the discovery requests insofar as they call for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable statutory or common law privilege. The inadvertent production of any document disclosing any information subject to such privileges or protections is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

3. SPCA objects to the discovery requests insofar as they are vague, ambiguous or unduly burdensome and/or seek information not relevant or material to the claims or defenses at issue in this matter or otherwise not reasonably calculated to lead to the discovery of admissible evidence.

4. SPCA objects to the discovery requests to the extent they seek a response which is duplicative of responses to one or more of Chambers' other discovery requests.

5. SPCA objects to the discovery requests to the extent that they seek information publicly available to Chambers.

6.      SPCA objects to the discovery requests to the extent that they are overbroad, including the requests that ask for the identification of all persons, all documents of a particular category or all facts and justifications.

7.      As to each discovery request, SPCA does not warrant and expressly disclaims that its understanding of the terminology or phraseology used in the request is the same as Chambers intended meaning of such terminology or phraseology.

8.      SPCA objects to the identification of documents that are not in the exclusive possession, custody or control of SPCA or are not available to SPCA.

9.      SPCA objects to the discovery requests to the extent that they imply the existence of facts or circumstances which do not or did not exist, and to the extent that they state or assume legal conclusions. In providing these responses and objections to the discovery request, SPCA does not admit the factual or legal premise of any of the discovery requests or the Definitions or Instructions.

10.     By submitting these responses, SPCA does not adopt Chambers purported definitions of words or phrases contained in the discovery requests. SPCA objects to Chambers instructions and definitions contained in the discovery requests to the extent they are inconsistent with the ordinary and customary meaning of such words or phrases, the rules governing the permissible scope of discovery, or any definitions set forth by SPCA in their responses.

11.     SPCA objects to Chambers instructions insofar as they vary from, purport to modify, enlarge upon, or are inconsistent with the Federal Rules of Civil Procedure. SPCA objects to the discovery requests to the extent the requests are unduly burdensome and expensive, unreasonably cumulative, or call f or cumulative documents or information.

12. SPCA objects to the discovery requests to the extent the requests are intended solely for the purpose of annoyance, embarrassment, harassment and oppression.

13. These general objections are incorporated into each and every response set forth below, and all such responses are subject to these objections.

14. SPCA to and without waiving their objections, SPCA responds as follows to the discovery requests:

## SPCA'S RESPONSES

1. During normal working hours, calls are handled by our telephone receptionist. During the evening hours, calls are handled by either Bayshore Communications or Appletree.

2. See attached.

3. In any situation that could be controversial, at the discretion of management, animals may be held longer than policy as a precautionary measure.

4. Unknown.

5. Only the address and nature of the telephone call.

6. No.

7. Unknown, animal cremations are handled by the kennel staff as a whole.

## JOHN SAVILLE'S RESPONSES

1. The shelter closes at 5:00 p.m. The dog was processed, tagged and placed in the cooler.

2. No recollection of examining the dog. Unknown if Sgt. Donovan examined the dog. Do not recall the position, size or type of wounds.

3. No recollection of examining the dog. Stray forms are prepared when an animal is brought into the shelter. The form will include information that the dog was shot by police, the type of dog, the address of the incident and owner information.

*/s/ Donald L. Gouge, Jr.*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for SPCA

DATED: November 10, 2005

# **DELAWARE SPCA POLICIES**

## **ADOPTIONS**

Any potential adopter standing in line with a completed adoption application must be served. Prior to closing, an announcement must be made over the PA system at 4:00 p.m. and 4:15 p.m. weekdays and 2:00 p.m. and 2:15 p.m. Saturdays that "adoptions stop at 4:30 p.m. or 2:30 p.m.".

## **ADOPTION POLICY**

1. Adult outside dogs will be adopted after determining adopters will furnish adequate shelter (doghouse with straw for bedding, etc.) and care. If questionable, note on slip that a post-adoption inspection will be required.
2. We will adopt hunting dogs after determining adopters will furnish adequate shelter (doghouse with straw for bedding, etc.) and care. If questionable, note on slip that a post-adoption inspection will be required.
3. No guard/watch dogs will be adopted! Dogs used for these duties are often trained to be mean and become uncontrollable by their owners or dangerous to the community if they get loose.
4. No adoptions to apartments that do not allow pets. Restrictions by apartments as to type and or size of pet will be honored by the SPCA.
5. No adoptions to areas of New Castle County that are listed as "problem areas". Since we have the contract for dog control with the State, it is important not to add to these problem areas.
6. No large dogs will be adopted to residents of the city of Wilmington.
7. All potential adopters of controversial animals must fill out an application and be willing for the SPCA to make an application investigation. We have a problem finding "quality" homes for them due to their reputation as mean and unpredictable. All applications are carefully screened and the best applicants are selected.
8. No adoptions as "gifts" for someone else since we cannot qualify the person getting the gift as a suitable adopter, nor can the potential owner sign our contract taking legal responsibility for the animal. It is best that everyone choose the animal he thinks is best for him. Not everyone wants a pet as a gift, chosen by another party. We have gift certificates available throughout the year to resolve the problem of gifts.
9. No adoptions to persons living at their parents' home, no matter what their age, without parental permission. We prefer parents come in and help choose the pet, as well as signing the contract.
10. No adoptions of dogs or cats to homes with unneutered animals of the opposite sex.
11. No adoptions for purpose of breeding. All adopters must agree to neutering within six months of the adoption.
12. As noted in the contract, all adopters agree to return the animal to the shelter if they cannot maintain or keep their pet.

## **EMPLOYEE HANDBOOK**

Welcome......

    We are pleased that you have decided to join the staff of the Delaware SPCA.

## **HISTORY**

Our Society was founded in 1873 by a small group of friends concerned about the way "dumb" animals were being treated. Why the concern? During the 1800's, it was not at all unusual for a businessman to look out his office window at the sight of a dray horse being beaten as the exhausted animal struggled to pull an overloaded cart or horse car. There were tales of a dogfight or cockfight. Livestock was driven on foot from below the canal for slaughter and sale in Wilmington. And now, after one hundred years, those of us who sometimes get weary of the disappointments and frustrations of this work and wonder why we still hang on, maybe, just maybe, it is the spirit of this determined small group pushing and urging us on.*

The business and affairs of the Society are managed by the Board of Directors, numbering anywhere from 15-21 persons.

The Society is a private non-profit organization funded by individual memberships and donations. The Society receives funds from the state Division of Fish & Wildlife <u>only</u> to carry out the statewide dog control program.

\* Reprinted from "100 Years of Caring"

## **WHAT YOU NEED TO KNOW**

**EMPLOYMENT**

The first 90 days of your employment will be considered a trial period. During this time, both the organization and you are free to terminate the working relationship. You will become a full time employee after 90 days of satisfactory service or longer at discretion of management.

In serving the public, efficient service depends upon each employee doing his or her job correctly, promptly and courteously. Each job in this Society is important. We urge you not to lose sight of the importance of your job in our overall effectiveness. No job exists within our organization in which an individual employee cannot either help or hurt the Society and all other employees through his/her actions and attitude.

The Society prides itself on the concept of "promoting from within whenever possible".

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    C.A. No. 04-415(SLR) |
| JOHN DOES 1-7,<br>DONALD J. BOWMAN, JR.,<br>CITY OF WILMINGTON DELAWARE,<br>DELAWARE S.P.C.A., and<br>SGT. ELLIOTT,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION

State of Delaware     :

                      : SS

New Castle County     :

I, John E. Caldwell, Director, Delaware SPCA, verify that the responses to Chanbers' interrogatories are true and correct to the best of my knowledge, information and belief.

 

_____
JOHN E. CALDWELL

SWORN AND SUBSCRIBED before me, a Notary Public for the State of Delaware, this _____ day of November 2005.

_____
NOTARY PUBLIC

STEPHANIE TRETINA
Notary Public
State of Delaware
My Commission Expires on Feb 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS,<br>    Plaintiff,<br><br>v.<br><br>JOHN DOES 1-7,<br>DONALD J. BOWMAN, JR.,<br>CITY OF WILMINGTON DELAWARE,<br>DELAWARE S.P.C.A., and<br>SGT. ELLIOTT,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 04-415(SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **VERIFICATION**

State of Delaware    :

                    : SS

New Castle County    :

I, John Saville, verify that the responses to Chanbers' interrogatories are true and correct to the best of my knowledge, information and belief.

_____
JOHN SAVILLE

SWORN AND SUBSCRIBED before me, a Notary Public for the State of Delaware, this 10 day of November 2005.

_____
NOTARY PUBLIC

CARROLL GORHAM
NOTARY PUBLIC
NEW CASTLE, DE
AUGUST 18, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS,            )<br>　　　　Plaintiff,            )<br>                              )<br>　v.                          )<br>                              )<br>JOHN DOES 1-7,                )<br>DONALD J. BOWMAN, JR.,        )<br>CITY OF WILMINGTON DELAWARE,  )<br>DELAWARE S.P.C.A., and        )<br>SGT. ELLIOTT,                 )<br>　　　　Defendants.           ) | C.A. No. 04-415(SLR) |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the date listed below that the SPCA's Response to the Plaintiff's First Set of Interrogatories were filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the individual(s) noted below. The document is available for viewing and downloading from CM/ECF. I also served a hard copy as indicated below:

Rosamaria Tassone, Esquire     (by hand and ECF)
City of Wilmington Law Department
800 N. French Street, 9th Floor
Wilmington, DE  19801

Eric A. Chambers     (by regular U.S. Mail only)
#04536-015
FCI Allenwood
P.O. Box 2000
White Deer, PA  17887

　　　　　　　　　　　　　　　　　　HEIMAN, GOUGE & KAUFMAN, LLP

　　　　　　　　　　　　　　　　　　*/s/ Donald L. Gouge, Jr. #2234*
　　　　　　　　　　　　　　　　　　Donald L. Gouge, Jr. (DSB # 2234)
　　　　　　　　　　　　　　　　　　800 King Street, Suite 303
　　　　　　　　　　　　　　　　　　P.O. Box 1674
　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　(302) 658-1800
　　　　　　　　　　　　　　　　　　(302) 658-1473 (fax)
　　　　　　　　　　　　　　　　　　dgouge@hgkde.com

Date:   November 15, 2005