IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.  04-415 SLR |
| | ) |
| JOHN DOES 1-7, | ) |
| DONALD J. BOWMAN, JR., | ) |
| CITY OF WILMINGTON DELAWARE, | ) |
| DELAWARE S.P.C.A., and | ) |
| SGT. ELLIOTT, | ) |
| Defendants. | ) |

**THE CITY OF WILMINGTON, DONALD J. BOWMAN, JR. AND
SGT. STEVEN ELLIOT'S ANSWERS TO PLAINTIFF'S
<u>INTERROGATORIES TO CITY DEFENDANTS</u>**

<u>Mike Rodriguez</u>

1. When you seen the dogs, for the first time, were the dogs barking/growling or charging you?

**ANSWER:** **I only saw one dog in my peripheral vision.  I was focused on the fleeing subject. However, I heard a dog(s) barking.**

2. Before the plaintiff was visually seen and the door was breeched, how many times was the front door hit with the battering ram, before you and the CMTT officers were able to enter the residence?

**ANSWER:** **I saw Plaintiff open the door for a young black male.  When Plaintiff saw me, he attempted to shut the door.  I believe the door was breeched when I forcefully pushed into it with the ram in my hands, along with the momentum of the officers behind me.  I do not recall having to hit the door repeatedly with the battering ram.**

### Matthew J. Severance

1. You were last in the door of the residence and heard the Plaintiff state; "don't shoot my dog", so the dog wasn't shot until after you entered the residence correct?

**ANSWER:** **No. I heard a single shot before I entered the residence. Therefore, the pit bull dog was shot before I entered the residence.**

### David M. Simmons

1. Can you provide an explanation (strictly your own opinion); How three (3) DIFFERENT officers, at three (3) DIFFERENT TIME PERIODS can/would <u>testify</u> that they all "<u>ordered</u>", "<u>escorted</u>" and "<u>physically moved</u>"...the same plaintiff, from the same set of stairs? (YOU being one of the three (3) different officers)

**ANSWER:** **Objection. Defendants object to this interrogatory on the basis that it is vague and ambiguous; it calls for information not within the answering witness's knowledge; and it calls for the answering witness to give an opinion as to the actions of other individuals. Subject to and without waiving the foregoing objections, answering witness states as follows: I was at the residence with several police officers. The scene was chaotic, with officers yelling various things. I recall ordering a male subject to the ground. I cannot explain or give an opinion as to the actions of other officers. The entire incident happened in a matter of seconds.**

### Steven T. Elliott

1. During the course of your investigation, to learn the facts and circumstances to justify the use of deadly force as proper conduct. . . did you interview or make any attempts to do so,

anyone other than the Wilmington Police Officers? (For example)

    a.    any of the eye witnesses who were outside of their residences watching the entire incident

**ANSWER:** **Defendants object to this interrogatory on the basis that it is vague and ambiguous. Subject to and without waiving the foregoing objections, answering witness states as follows: No. The physical evidence clearly indicated that the shooting occurred in the living room of the residence. Therefore, I interviewed those individuals in the residence who would have seen the actual shooting. Individuals outside the residence would not have witnessed the shooting.**

    b.    the young black male the CMTT officers confronted and detained on the porch

**ANSWER:** **Defendants object to this interrogatory on the basis that it is vague and ambiguous. Subject to and without waiving the foregoing objections, answering witness states as follows: No. The physical evidence clearly indicated that the shooting occurred in the living room of the residence. Therefore, I interviewed those individuals in the residence who would have seen the actual shooting. The young black male on the porch would not have witnessed the shooting.**

    c.    any of the ATF agents who were involved and present at the scene

**ANSWER:** **Defendants object to this interrogatory on the basis that it is vague and ambiguous. Subject to and without waiving the foregoing objections, answering witness states as follows: No. The physical evidence clearly indicated that the shooting occurred in the living room of the residence. Therefore, I interviewed those individuals in the residence who would have seen the actual shooting. The**

          **ATF agents did not enter the residence when the door was breeched and would not have witnessed the shooting.**

d.      or even the Plaintiff himself, after all, the entire incident/arrest was about/for him

**ANSWER:**    **Defendants object to this interrogatory on the basis that it is vague and ambiguous. Subject to and without waiving the foregoing objections, answering witness states as follows: No. The physical evidence clearly indicated that the shooting occurred in the living room of the residence. Therefore, I interviewed those individuals in the residence who would have seen the actual shooting. The Plaintiff did not witness the shooting. Further, my role was not to investigate Plaintiff's arrest, but only to investigate the shooting of the pit bull dog by one of the officers present.**

                                      /s/ Rosamaria Tassone,
                                      Rosamaria Tassone, ( I.D. #3546)
                                      Assistant City Solicitor
                                      City of Wilmington Law Department
                                      Louis L. Redding City/County Building
                                      800 French Street, 9th Floor
                                      Wilmington, Delaware 19801

Date: November 16, 2005