

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC A. CHAMBERS,          :
                           :
          Plaintiff,       :
                           :
                           :
                           :
     v.                    :          C.A. No. 04-415 SLR
                           :
                           :
                           :
                           :
JOHN DOES 1-7,             :
DONALD J. BOWMAN,JR.,      :
CITY OF WILMINGTON DELAWARE, :
DELAWARE S.P.C.A., and     :
SGT. Elliott,              :
          defendants.      :
                           :



FILED

DEC 19 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PLAINTIFF'S MOTION TO RESPOND TO
## THE DEFENDANTS' ANSWERS TO THE INTERROGATORIES

DATE: December 14, 2005.

Eric Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

**NOW COMES,** Plaintiff Eric Chambers, requesting this Honorable Court to deny the Defendants' Motion For Summary Judgement and requests a trial date due to; the material facts being in undeniable dispute, the numerous contradictions of sworn testimonies, the providing of proof, facts and evidence to support his case for a trier of fact- with enough evidence for a reasonable jury to find for the plaintiff, the defendants' unconstitutional behavior and misconduct caused the plaintiff and his family an unconstitutional injury, and the evidence of a conspiracy will be apparent and proven with trial. The plaintiff brings this request after receiving Discovery (specifically, the answers to his interrogatories).

In support of this request, the plaintiff asserts that Defendant Mike Rodriguez's answers to the interrogatories evidences deceit and contradictions within every sworn statement he provided. Defendant Rodriguez "altered" his sworn testimony every time he gave his account of the events and his actions. Rodriguez never stated, in his earlier interview(s), at A-42 of Appendix to Defendants' Motion For Summary Judgement, that he heard dog(s) barking. However, Now, in his answers to interrogatories, for the first time; he states he heard a dog(s) barking. Which clearly contradicts his previous sworn testimony and answers during prior interviews under oath.

(1)

Supporting and evidencing his attempt and participation in the covering up of the true facts of the incident, as well as, his assistance in the conspiracy to do so.

Clearly, Rodriguez's interviewing Activity Report on June 24, 2002, at A-10 of the Appendix to Defendants' Motion for Summary Judgement, nor, at A-53 to 63, is there any mention, at all, of him hearing dogs barking. Which therefore indicates that the dogs weren't barking, charging nor acting aggressively towards any of the officers/defendants as the plaintiff adamantly asserts.

At A-57,A1, of Appendix to Defendants' Motion for Summary Judgement (herein; App. Sum. Judge.), Rodriguez never states; the plaintiff ever opened the door. Yet, in his answer to interrogatories, the plaintiff NOW and CONVENIENTLY "opened the door (and attempted to shut it)".

At A-57,Q2, of App. Summ. Judge., defendant Rodriguez states; he hits the door with the ram. Now, at page 1,#2, of his answers of interrogatories, "he forcefully pushes the door - with the ram in his hands (signifying that the door was now PUSHED and not HIT).

At A-58, A5, of App. Summ. Judge., Rodriguez indicated and gave testimony that the door was never opened (because the young black male on the porch never opened the door with his key(s)). However, his later testimony contradicts that specific testimony because he now states that the plaintiff opened the door and tried to close it after seeing him.

(2)

At A-42, of App. Summ. Judge.,(defendant Rodriguez's
interview with SGT. Steven Elliott, on July 22,2002 @1600 hours),
he stated; he was not aware of any other activity other than the
fleeing subject. However, at A-58,A7 of App. Summ. Judge., he(conveniently)
now states; out the corner of my eye I saw a dog.

Plaintiff now has evidence that defendant Mike Rodriguez
is a participant of the cover-up and conspiracy , and Summary
Judgement on this defendant should be denied and a trial date should
be set.

In support of this request, the plaintiff asserts that
Defendant Randy Pfaff's testimony deviates and changes so sporadically,
throughout his sworn interviews, that his inconsistencies provide
clear and apparent proof - of his participation in the overall
cover-up and conspiracy.

Beginning at A-45 to A-55, defendant Pfaff's sworn testimony
contradicts every other defendants' testimony (Mike Rodriguez,
Scott Jones, Bruce Coffiey, David Simmons & Mathew Severance).

a. defendant Pfaff gave sworn testimony that defendant Rodriguez
"yelled stop" to the plaintiff (App. Summ. Judge.A-47,A7 & A-50,A21), but
..defendant Rodriguez never testified that he ever gave any commands
or ever even spoke to the plaintiff.

b. the pictures of the post-mortum dog does not coincide with
defendant Pfaff's testimony of how ,where and when the dog was shot.

For example; if the dog was a foot - a foot and half to defendant Pfaff's LEFT, going towards Mike (defendant Rodriguez), who was supposedly on the steps at this time...the dog was already PAST Pfaff, so his earlier testimony of the dog being shot in the chest  is actually impossible. Because the dog's wounds are clearly visible when viewing the pictures.

At A-50,A19, App. Summ. Judge., Pfaff states; the dog stopped. But at A-47,A7, he testified the dog was actually running straight towards mike. Yet, in contradiction to his own testimony at A-50,A19, and at A-55,A43...Pfaff states; the dog wouldn't stopped at the speed it was running and how quick he was going,and for my (**his own**) safety. Wherein, he now interjects that the dog was attacking **HIM**... and not defendant Rodriguez.

Defendant Pfaff's answer(s) to interrogatories evidences his fore-knowledge that he was fully aware that there were dogs as well as chidren, in the residence. App. Summ. Judge., at A-46,A2. Which should have given him pause before firing his weapon within the residence.

Defendaht Pfaff's sworn statement that; the dogs were growling and barking directly contradicts defendant Scott Jones' sworn statement at A-70,Q31-A31, App. Summ.Judge., "the dogs were not barking", and Defendant Scott Jones entered the residence directly behind defendant Pfaff.

Additionally, defendant Rodriguez's failure to state the
dogs were barking , in his sworn statements, clearly provides
support to the plaintiff's assertion- that the dogs were not barking,
growling nor threatening. Afterall, defendant Rodriguez was the
officer BEFORE defendant Pfaff...defendant Jones was immediately
AFTER, neither of these defendants hears the dogs barking or
growling. This occurrence would give a reasonable person to
question whether defendant Pfaff actually heard the dogs barking or
is he fabricating testimony, under oath, to justify and give support
of his illegal, unlawful and unconstitutional acts.

Summary Judgement should be denied, regarding defendant
Randy Pfaff, and a trial date should be established.

In regards to Defendabt Bruce Coffiey, the plaintiff
requests the denial of Summary Judgement, and requests a trial
date. For, defendant Coffiey clearly and most vividly contradicts
not only the other defendants' sworn testimonies, but he even
contradicts his OWN. Defendant Coffiey provides uhtrue statements
and testimony, with the precise intent to deceive. As his answers
to interrogatories - in relation to his previous signed/sworn
statements indicates.

Defendant Coffiey changed his testimony of the events:
At A14, App. Summ. Judge., versus Page 2, Interrogatories to City
Defendants ; wherein, according to App. Summ. Judge.A-6, CMTT members and
assignments, defendant Rodriguez was assigned to breech (the door), he was
FIRST, in contact with the plaintiff, and FIRST, inside the residence.

However, defendant Coffiey testifies, at page 2 of answer to interrogatories, that HE was first in contact with the plaintiff. Not Rodriguez, and that he handed the plaintiff to another officer/defendant. But, according to defendant Rodriguez's Activity Report, at A-10 of App. Summ. Judge., HE was the defendant who escorted the plaintiff to the ground.

Secondly, according to other defendants' testimonies, specifically defendant Pfaff, the dog ran up the stairs - after it was shot... and defendant Pfaff confessed to shooting the dog. So, for defendant Coffiey to give sworn testimony that the dog ran past HIM, as he was running up the stairs, at page 2 of his answers to interrogatories, is a blatant lie. Furthermore, At, A-6th; Q20¢A20, of App. Summ. Judge., defendant Rodriguez states " He never seen the dog along the stairwell. Additionally, since defendant Coffiey entered the residence AFTER defendant Pfaff...his testimony directly contradicts the defendant directly infront of him, testimony.

Defendant Coffiey is the ONLY defendant who alleges the dog(s) were Barking, AFTER BEING SHOT. Not even the shooter (defendant Pfaff), stated such an allegation. Which clearly establishes that defendant Coffiey has not only provided contradtory sworn testimony, on different occassions, but he has proven that he is guilty of fabricating and giving false testimony under oath.

Therefore, Summary Judgement should be denied and a trial date be set, in regards to defendant Bruce Coffiey.

Summary Judgement should be denied regarding Defendant David Simmons, for his contradictions and false testimony enlight of his efforts and participation in covering-up and conspiring to violate the plaintiff and his family's Constitutional Rights.

Defendant Simmons was the fifth defendant to enter the residence. The plaintiff, by the time defendant Simmons entered, had allegedly already been brought down the stairs by #1) Defendant Mike Rodriguez, who was actually the first officer inside,#2) Defendant Bruce Coffiey, who was actually the fourth officer inside, and now; Defendant Simmons, who was the fifth officer inside. Ultimately indicating that the plaintiff had to be on the stairs THREE (3) different times, indicating that one of these defendants aren't providing true testimony.

In support of plaintiff's request, Summary Judgement should be denied in regards to Defendant Mathew Severance, enlight of defendant Severance's inconsistencies and contradictions of his sworn testimony and signed interviews.

At A-11, App. Summ. Judge., defendant Severance testifies that he heard the plaintiff state; "don't shoot my dog"...yet, at page 2 of his answer to interrogatories, defendant Severance testifies that the dog was shot before he entered the residence (defendant Severance was the LAST officer to enter the residence...approximately number 8. Therefore, his earlier testimony, (under oath),  of hearing the plaintiff make that alleged statement, was infact a lie.

Especially, given the alleged testimony that defendant Severance observed the plaintiff already handcuffed and lying on the floor near the bottom of the stairs, at A-108,#7, App. Summ.Judge.,... so at what time would the plaintiff have made the alleged statement; don't shoot my dog.

Plaintiff has outlined the inconsistencies regarding defendant Severance's testimony and statements of the events. Enlight of such, Defendant Severance's participation in the conspiracy of concealing the wrongdoings and unconstitutional, unlawful misconduct is established. Therein, a trial date should be scheduled for Defendant Mathew Severance.

(7)

The plaintiff avers the following; to support the denial of Summary
Judgement, for Defendant Steven Elliott, enlight of; Defendant Elliott
assisted in the cover-up and conspiracy by conducting a prejudicial and
biased investigation, regarding this incident and his fellow officers'
misconduct.

At page #3,b - Answer To Interrogatories To Defendants, defendant
Elliott asserts the young black male on the porch would not have witnessed the shooting
(so he didn't interview him). However, given the position and area the
young male was detained, he would have and DID witness the entire incident. And as the
investigating officer, defendant Elliott should have exhausted all of his efforts - to
obtain/learn the TRUE FACTS, by interviewing not only this young male, but
any and everyone else who COULD HAVE witnessed the incident. When defendant Elliott
failed to interview anyone besides his fellow officers, he failed in his attempt/jobs;
in investigating the plaintiff and his family's Constitutional Rights.
As well as, whether the officer's shooting was lawful and according to policy.

At page #4,d - Answer To Interrogatories To Defendants, defendant
Elliott states; He interviewed those individuals in the residence who would
have seen the actual shooting. The plaintiff did not witness the shooting. However, if
the plaintiff was on the stairs, as the defendants all allege, and, if the
dog was shot as the defendants claim...then that would certainly put the
plaintiff not only IN THE RESIDENCE, but, in a position to witness EVERYTHING.
Specifically, the actual shooting (if the incident was to happen as the
defendants have given sworn testimomy to/about). Yet, not even the PLAINTIFF
was interviewed, by the investigating officer; Defendant Sgt. Steven Elliott.


Enlight of Defendant Elliott's failure to provide an earnest and
logical investigation, his actions (or lack there of) aided the defendants'
in the cover-up and conspiracy, to conceal the wrongful, Unconstitutional and

unwarranted misconduct. And in that regard, Summary Judgement should be denied, and a trial date should be scheduled regarding Defendant Steven Elliott.

In sum, the plaintiff requests the denial of Summary Judgement, and a trial date be scheduled, regarding the Defendants.

Date: December 14, 2005.

Eric Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

(9)

DECLARATION

I, Eric Chambers        , hereby declare and affirm, under
the penalty of perjury pursuant to 28 USC §1746(2), that the
foregoing pleading is true and correct to the best of my
knowledge and recollection, on this 14th day of Dec.   2005.

_____
Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887-2000

CERTIFICATE OF SERVICE

I,  Eric Chambers        , hereby certify that the foregoing
Pleading, along with the declaration, have been served by
placement in this institutional legal mailbox, first-class
postage prepaid, on this 14th   day of  Dec.   , 2005, to:

a. Office of the Clerk
   U.S. District Court
   844 N. King St., Lockbox 18
   Wilmington, DE 19801-3570

b. Rosamaria Tassone
   Assistant City Solicitor
   Louis J. Redding City/County Bldg.
   800 N. French St., 9th flr.
   Wilmington, DE 19801

c. Donald L. Gouge Jr.
   800 King St., Suite 303
   P.O. Box 1674
   Wilmington, DE 19801

_____
Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

Re: Plaintiff's Motion To Respond To The Defendants' Answers To Interrogatories.

DEC 15 2005 PM

Eric Chambers
# 64556-045
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

Office of the Clerk
U.S. District Court
844 N. King St. Lockbox 18
Wilmington, DE 19801-3570

U.S.M.S
X-RAY

LEGAL MAIL