**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ERIC A. CHAMBERS,             )
                                     )
         Plaintiff,          )
                                     )
         v.              )       C.A. No.   04-415 SLR
                                     )
JOHN DOES 1-7,            )
DONALD J. BOWMAN, JR.,    )
CITY OF WILMINGTON  DELAWARE,  )
DELAWARE S.P.C.A., and     )
SGT. ELLIOTT,           )
         Defendants.   )

**DEFENDANTS JOHN DOES 1-5,  DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE, AND SGT. ELLIOTT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Consistent with the Court's Order dated September 15, 2005, and for the reasons stated in

the accompanying Brief in Support of Defendants John Does 1-5, Donald J. Bowman, Jr., City of

Wilmington Delaware and Sgt. Elliott's  Motion for Summary Judgment, and there being no

disputed issues of material fact, Defendants respectfully re-new their Motion for Summary Judgment

and move this Honorable Court to issue an Order granting summary judgment in favor of the

Defendants based on the following grounds:

1.     Plaintiff fails to state a claim as a matter of law under 42 <u>U.S.C</u>. §1983 for a violation of the

        4th, 5th, or 14th Amendment.  There is no evidence supporting Plaintiff's allegation that any

        of the Defendants used excessive force in effecting Plaintiff's arrest.  Further, the shooting

        of Plaintiff's pit bull dog was reasonable under the circumstances present and does not

        constitute a violation of Plaintiff's constitutional rights.

2.     Defendants' entry into the residence does not constitute a violation of the 4th Amendment.

        The officers possessed a valid search warrant.  Additionally, the officers did not search the

residence, but merely apprehended Plaintiff and secured the premises for officer safety. Lastly, due to the fact that Plaintiff does not own the property which was the subject of the search warrant, he lacks standing to bring a claim for an illegal search of the residence.

3. The evidence does not support Plaintiff's allegation that the Defendants conspired to conceal any wrong doing with regard to the shooting of Plaintiff's pit bull dog.

4. Defendants John Does 1-5, Elliott and Bowman are entitled to qualified immunity for their actions. With regard to Plaintiff's tort claims for assault, battery and negligence, Defendants are immune from suit pursuant to the Delaware County and Municipal Tort Claims Act. Additionally, animal cruelty and reckless endangerment are criminal charges, not torts, and, cannot be asserted in a civil action for damages.

5. Plaintiff fails to establish municipal liability such that the City of Wilmington is liable for the alleged constitutional violations under 42 U.S.C. §1983.

      /s/ Rosamaria Tassone
Rosamaria Tassone, Esquire, ( I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington

Dated: January 19, 2006