IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    C.A. No. 04-415(SLR) |
| | ) |
| JOHN DOES 1-7,<br>DONALD J. BOWMAN, JR.,<br>CITY OF WILMINGTON DELAWARE,<br>DELAWARE S.P.C.A., and<br>SGT. ELLIOTT,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DELAWARE SPCA'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR MOTION TO
DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6),
OR IN THE ALTERNATIVE, ITS MOTION FOR SUMMARY JUDGMENT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56</u>**

COMES NOW, Defendant Delaware SPCA ("SPCA"), by and through the undersigned counsel, and hereby moves this Honorable Court to enter an Order dismissing Plaintiff Eric A. Chambers' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In the alternative, SPCA requests that the Court grant summary judgment in favor of the SPCA and dismiss Plaintiff's Complaint. In support of its Motions, SPCA offers the following:

**FACTS**

The SPCA adopts the Nature of the Stage of the Proceedings and Statement of Facts contained within the co-defendants' opening brief, and provides the following additional information.

As thoroughly detailed in the co-defendants' opening brief, the SPCA was not present when the arrest took place. The SPCA was not present when the dog was shot and died. The SPCA was called only after the dog was shot and died. The SPCA concurs with the affidavit of

Sergeant Robert E. Donovan (AB-1) when he states that the SPCA was contacted in response to the shooting of the Plaintiff's pit bull dog.

The SPCA does not have any records to confirm the nature and extent of the wound suffered by the dog, its cause of death or how many rounds may have struck the dog. The SPCA further agrees that there was no need for a necropsy, as the cause of death was known (AB-1). The SPCA did not conduct any type of postmortem examination. The SPCA does not routinely conduct postmortem examinations.

The SPCA did remove the dead dog from the residence the night of June 24, 2002 (AB-4). The dog was stored at SPCA for about six weeks until it was disposed of by cremation in mid-August 2002 (affidavit of John E. Caldwell, Director of the Delaware SPCA, AB-5 ). The policy at the SPCA then and now is that a dead animal will be held for ten (10) days (AB-7 ). If the SPCA is not contacted by the owner within ten days, then the animal is disposed of by cremation. In this case, because the dog apparently died due to a gunshot wound, it was held well beyond the required 10 days.

The SPCA in this case had no reason to undertake any investigation into the cause of death, the dog's temperament or disposition, nor is there any requirement that it do so. The dog was dead when the SPCA was called to the scene.

The apparent owner of the dog, plaintiff Eric Chambers ("Chambers") did not contact the SPCA until September 9, 2003, which is over 14 months after the incident in question (AB-8 ). The SPCA responded in a letter dated September 29, 2003, attaching the intake record (AB-9 ).

## **STANDARD OF REVIEW**

The SPCA adopts the Standard of Review contained within the co-defendants' opening brief.

## **SPOLIATION**

The SPCA adopts the legal analysis contained in the co-defendants' opening brief, particularly the sections which relate to the claims concerning the dog. The only issue that has not been addressed by the co-defendants' is the Plaintiff's State Law Claim for Spoliation, contained in his Supplemental and Amended Complaint, dated June 23, 2004.

The Plaintiff seeks a separate cause of action against the SPCA for Intentional Spoliation of Evidence. This is a State Law Claim controlled by the laws of the State of Delaware. Plaintiff's claim must fail because Delaware courts do not recognize Intentional or Negligent Spoliation as torts for which plaintiff could pursue a cause of action.

In *Lucas v. Christiana Skating Center, LTD.*, 722 A.2d 1247 (Del.Super. 1998), the Delaware Superior Court was asked to consider the plaintiffs' request to amend their complaint to add counts for negligent and intentional spoliation of evidence. In *Lucas*, a roller skater was injured while she was using skates rented from Christiana Skating Center ("CSC"). Her injury was allegedly caused when a pivot pin connecting the rear wheel assembly to the skate shoe became dislodged.

Three years after the accident, the plaintiff sought the skate for purposes of examination. The owner of CSC testified that they no longer had the skate that was allegedly involved in the accident.

The Superior Court then reviewed the state of the law of spoliation in Delaware and nationally. A majority of states that have addressed the issue have expressly refused to recognize a cause of action for negligent or intentional spoliation. The Delaware Superior Court, following

the majority view, expressly refused to recognize an independent tort of negligent or intentional spoliation of evidence.

The Delaware Superior Court in *Lucas* favorably cited and relied up the reasoning of the Maryland Court of Special Appeals in *Miller v. Montgomery County*, 494 A.2d 761 (Md.Ct.Spec.App. 1985), *cert. denied*, 498 A.2d 1185 (Md. 1985).  In *Miller*, the Court refused to recognize a separate cause of action for acts of spoliation by a defendant, stating that "there was no basis or need for one."  *Miller* at 768.

The United States Third Circuit Court of Appeals in *Caleb v. CRST, Inc.*, 43 Fed.Appx. 513, 2002 WL 1986499 (3rd Cir. Pa 2002) found that Pennsylvania courts have not recognized "spoliation" of evidence as a distinct cause of action.  The Third Circuit in *Caleb* stated that it must predict how the state supreme court would resolve this issue if it were before that court. Ultimately, the Court found that "although the Pennsylvania Supreme Court has not yet spoken, we have guidance from the Pennsylvania Superior Court, the intermediate appellate court.  That is sufficient for our purposes." 43 Fed.Appx. at 517.

The SPCA suggests that this Court follow the analysis in Caleb and follow the Delaware Superior Court's decision in *Lucas*.

Applying *Lucas* to the case at hand, the SPCA had no reason to know that the cause of death of the dog was or could be an issue.  The SPCA followed its policy.  If the Plaintiff was legitimately concerned about his dog, he should have not waited over 14 months to contact the SPCA.  As a practical matter, as a non-profit, the SPCA does not have the means or resources to keep every animal that comes into its possession, which is why its 10 day policy is in effect.

WHEREFORE, since there is no cause of action in Delaware for spoliation of evidence,

the Plaintiff's claim must be dismissed with prejudice, or in the alternative summary judgment granted for defendant Delaware SPCA.

                */s/ DONALD L. GOUGE, JR.*
                DONALD L. GOUGE, JR. (#2234)
                800 N. King Street, Suite 303
                Wilmington, DE  19801
                (302) 658-1800
                Attorney for Delaware SPCA

Dated: January 19, 2006