

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC A. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-415 SLR |
| | ) | |
| JOHN DOES 1-7, | ) | |
| DONALD J. BOWMAN, JR., | ) | |
| CITY OF WILMINGTON DELAWARE, | ) | |
| DELAWARE S.P.C.A., and | ) | |
| SGT. ELLIOTT, | ) | |
| Defendants. | ) | |

FILED
FEB 27 2006
U.S. DISTRICT COURT
OF DELAWARE

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION
FOR THE DENIAL OF SUMMARY JUDGEMENT FOR DEFENDANTS JOHN
DOES 1-5, DONALD J. BOWMAN Jr., CITY OF WILMINGTON
DELAWARE, AND SGT. ELLIOTT

Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

Dated: February 22, 2006

**NOW COMES**, the Plaintiff, herein responding to the City Defendants; John Does 1-7, Donald J. Bowman Jr., City of Wilmington Delaware, and SGT. Elliott, Motions for Summary Judgement. For the reasons stated herein, the Plaintiff requests the Honorable Court to Deny the Defendants' Motions.

I.  THE SHOOTING OF THE PLAINTIFF'S DOG WAS UNREASONABLE UNDER THE CIRCUMSTANCES PRESENT AND CLEARLY CONSTITUTES A VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT.

In this case, Defendant Pfaff (John Doe) unreasonbly shot and killed the plaintiff's pet. Pfaff's actions were unreasonable, mainly because the dog was not barking, growling nor aggressive, which is supported by Plaintiff's affadavit and officer rodriguez's inconsistant statements regarding the incident. As well as, Officer Scott Jones' sworn statement at A-70,Q 31-A31 Appendix for Summary judgement, where he states (under oath); that the dogs were not barking.

In Brown, of the Third circuit, at 269 F.3d 210, as well as, San Jose Charter of Hells Angels v. San Jose, 402 F.3d 962 9th Cir., the Courts held that the shooting of a person's dog constitutes an Unconstitutional destruction of property absent a sufficiently compelling public interest. See also, U.S. v. Place, 77 L.Ed.2d 110 (1983).

The destruction of property by state officials poses as much of a threat, if not more, to people's right to be secure... in their effects' as does the physical taking of them. The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment and can constitute a cognizable claim under §1983. Fuller v. Vines, 36 F.3d 65, 68 (9th Cir.1994), Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir. 2002).

(2)

Reasonableness is the touchstone of any seizure under the Fourth Amendment. Thus, to comply with the Fourth Amendment, the seizure-in this case, shooting and death-of the Plaintiff's dog must have been reasonable under the circumstances. The Court must consider the totality of the circumstances to determine whether the destruction of property was reasonbly necessary to effectuate the performance of the law enforcement officer(s)' duties. See Deorle, 272 F.3d at 1279. A seizure becomes unlawful when it is more intrusive than necessary. Ganwich, 319 F.3d at 1122 (quoting Florida v. Royer, 460 U.S. 491, 504, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). To determine whether the shooting of the dog was reasonable, we balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.

In viewing the totality of this case, the Plaintiff informed the authorities (in their "pretext" call to the residence) exactly what time to come and arrest him. If he was going to resist arrest (as the defendants conveniently alleges), the very fact of him still being in the residence (after 2 hours from the "pretext" call) indicates he had no intention of resisting arrest. Furthermore, the Plaintiff was not a "fugitive", the Plaintiff was legally on bond from the State Court.

In this case, the intrusion was severe. The officer (Pfaff) shot and killed the Plaintiff's dog. And it is recognized that dogs are more than just a personal effect. See Miller v. Clark County, 340 F.3d 959, 968 n. 13 (9th Cir. 2003). The emotional

(3)

attachment to a family's dog is not comparable to a possessory interest in furniture. Therefore, in viewing the facts in the light most favorable to the Plaintiff, the seizure was unreasonable, in violation of the Fourth Amendment.

The Court, in <u>Chew v. Gates</u> of the 9th Cir. 1994, <u>Gutierrez v. City of San Antonio</u>, 139 F.3d 441, 450 5th Cir. 1998, and in <u>Headwaters Forest Defense</u>, 276 F.3d at 1131, recognized that; in assessing reasonableness under the Fourth Amendment, an appropiate factor is whether the officer(s) considered alternatives BEFORE undertaking intrusive activity implicating Constitutional concerns.

In this case, the officer(s), John Does 1-5 and specifically officer Pfaff, knew of the dogs in the residence prior to entering the home. The officers knew the dogs were not harmful, aggressive nor threatening, considering information provided to them about the presence of the dogs-which was established prior to executing the warrant. The Defendants/officers in this case, failed to develop any type of non lethal plan for dealing with the dogs-other than shooting them. Officer Pfaff failed to use his pepper spray or any other non lethal means, as an alternative to shooting the dog, and killing/destroying it. Especially within a confined home dwelling with information of small children inside.

The officers had no specific plan for isolating or dealing with the dogs upon entry into the residence, which only left the lethal remedy of killing the dog. Not one of the defendants developed a plan to include the safety of the dogs, the children,

(4)

nor any other public interest, before executing the search/body warrant.

In sum, the shooting of the dog was not justified nor reasonable...because less intrusive means could have been employed and utilized, if the officers felt threatened. See Headwaters Forest Defense, 276 F.3d at 1131). Furthermore, any reasonable officer should have known that a failure to create a plan to enter a residence of anyone, knowing beforehand about the presence of "free roaming" dogs and small children-in the dwelling, without considering a method/means for subdividing the dogs, instead of killing them, would violate the Fourth Amendment. See San Jose Charter etc. 402 F.3d at 978 9th Cir.

This is not a case where the officers/defendants were reacting to a sudden, unexpected situation. They were privy to precise information, as well as the knowledge that the residence was currently under surveillance. They knew there were dogs in the residence. They knew there were small children in the residence. They knew there was a "pretext" call establishing contact with the Plaintiff. All of which should have compelled a reasonable officer to devise of a less intrusive means of effectuating an arrest which was (for all intensive purposes) an actual surrender.

Exigent circumstances were not present to necessitate the killing of the dog. Nor the discharging of a firearm period. The dogs were not barking, charging nor attacking anyone... the dogs simply came to the living room after hearing a knock on their front door (just as anyone else's dog would do).

(5)

The officers/defendants were surprised by the dogs appearence and over reacted, because they were not prepared to see the dogs. Which returns to the fact of the defendants failure to develop a plan incorperating the dogs-prior to executing/initiating the warrant.

Therefore, as a result of the defendants' conduct, and the facts supporting their unreasonable actions (specifically; Officer Pfaff), Summary Judgement should be denied and a Trial date be set.

Plaintiff also requests the Court to accept, consider and rely/refer back to the information previously asserted and filed within his previous Motion To Respond To Defendants' Interrogatories Answers, as a combined defense for the denial of Summary Judgement for the Defendants. The previously filed motion-to be considered, was dated: December 14, 2005.

II.  DEFENDANTS' ENTRY INTO THE RESIDENCE WAS AN UNREASONABLE EXECUTION OF THE SEARCH WARRANT IN VIOLATION OF HIS FOURTH AMENDMENT RIGHTS.

Plaintiff still asserts that the Defendants' John Does 1-5 entry into the residence was unreasonable -because; Plaintiff opened the door, after the Defendants' knock) and surrendered in the doorway. And since the search warrant specifically states; **The body of Eric A. Chambers (bmnh 06/19/1969),** the extent of the warrant was executed at that time, in the doorway.

By continuing past this initial "contact", the Defendants' surpassed the scope of their warrant and gave way to the events

and actions that supports their unreasonableness by the manner inwhich the warrant was executed. Establishing the unreasonableness because the Defendants' caused unnecessary destruction of property.

The Plaintiff asserts that; it was that conduct, which violated his Fourth Amendment Right to be free of "unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively". Liston v. County of Riverside, 120 F.3d 965, 979 (9th Cir. 1997). The test of what is necessary to "execute a warrant effectively" is reasonableness. "An officer's conduct in executing a search is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure." Lawmaster v. Ward, 125 F.3d 1341, 1349 (10th Cir. 1997). This is because "[t]he standard of reasonableness embodied in the Fourth Amendment demands that the showing of justification match the degree of intrusion." Berger v. New York, 388 U.S. 41, 70, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967). In this case, it is the manner and disregard for the safety of the entire household, that has led to the Plaintiff's civil rights action. Which in viewing the facts in the light most favorable to the Plaintiff, the level of intrusion and excessive property damage (killing the dog) during the warrants' execution was not justifiable.

III.     THE EVIDENCE SUPPORTS PLAINTIFF'S ALLEGATION THAT
         THE DEFENDANTS CONSPIRED TO CONCEAL THE UNREASONABLE
         SHOOTING OF THE PLAINTIFF'S PET DOG

Plaintiff asserts that the Defendants have all participated in the unconstitutional cover-up of the unreasonable shooting of the dog. By lying under oath, changing their sworn testimonies, providing false and inconsistant statements as well as, fabricating the actual events of June 24, 2002 (the day of arrest). See Plaintiff's Motion to Respond to Defendants' Interrogatories; filed and dated December 14, 2005.

In order to have a cause of action for cospiracy under 42 U.S.C. 1983, one must prove his Constitutional Rights were violated first. See Maches v. Umstead 110 F.Suppd. 2d. 361, 371.

In this case, Plaintiff has proven that Defendant Pfaff unreasonably shot and killed his pet. This is proven and supported by/with section II of this Motion. As well as, the original complaint. (Also see, Plaintiff's motion to respond to defendants answers to interrogatories).

The Plaintiff further provides evidence by indicating the contradictory testimonies of each and every Defendant who has provided an affidavit (under oath). Which in doing so, establishes the Defendants' continued and furtherance acts of the conspiracy.

The continued and furtherance/overt acts were not evidenced previously, in support of the conspiracy, because he did not possess the statements and testimonies of the Defendants, when the original complaint was filed. This information was provided in/with discovery.

(8)

The plaintiff also requests this Court to allow him to amend the his complaint so he can further clarify the conspiracy claim and the original complaint with names and evidence newly gained, to support his complaint. Therein, he can plead the precise period of the conspiracy, the actions of the conspirators- conducted for the sole purpose to conceal the unreasonable acts and shooting of his dog.

Enlight of all information contained in this and previous motions, this Court should grant Plaintiff's request to Amend ... before ruling on summary judgement, and deny the Defendants' summary judgement request until the Court has the oppertunity to consider the additional facts and information that would be addressed and asserted in an amended complaint...specifically regarding the conspiracy claims and issues.

IV.   DEFENDANTS JOHN DOES 1-5 ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS, THEREFORE, THE PLAINTIFF REQUESTS THAT A TRIAL DATE BE SET FOR THE DEFENDANTS.

Defendants John Does 1-5 are not entitled to qualified immunity regarding the shooting of the dog-because all of the defendants, specifically Pfaff, had been aware of the presence of the dogs (in the residence...not outside/in the yard) prior to entering the residence. This precise knowledge and information was established in the "breifing" before the execution of the warrant. Therefore, the defendants had a substantial amount of time to devise, include and develop a plan or strategy for the imobilization of the dogs.

(9)

Because, if they had prior knowledge that the dogs were there, the object of their warrant was there, then an encounter with the dogs were/had to be considered and taken into account. And because no other means of restraint were established... their intentions were to shoot the dogs regardless of whether the dogs posed a threat or not. Which, in effect, was highly probable and predictable because the dogs were "house dogs" (lived inside the home as a part of the family they actually were). There is several basis of facts that supports the knowledge of the dogs existence;

 a. The information provided by the police officer who lived down the street from Plaintiff...who informed the authorities of the plaintiff's whereabouts.

 b. The information and contact of the dogs by the ATF agents (agent Shum), when he first went to the residence.

 c. The breifing prior to executing the warrant.

Yet, no one thought to devise a plan to deal with the dogs... everyone knew was there. Then, when the dogs appear, after a knock on <u>their</u> door, they're shot at and killed. And a cover-up/ resisting arrest scenerio is initialized to conceal the true facts.

A reasonable person (and officer) can veiw all of the facts and information, consider the first step of the qualified immunity analysis, and come to the conclusion that the Plaintiff's Fourth Amendment Rights were violated.

Qualified immunty serves to shield government officials from liability for civil damages insofar as their conduct does

(10)

not violate clearly established statutory or constitutional rights of which a reasonable person would have known. When the Defendants entered the plaintiff's home, knowing there were dogs and small children inside and discharged his firearm, for whatever reason...he should have known-he was violating the entire residences constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court has set forth a two-pronged inquiry to resolve all qualified immunity claims. First, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right? Saucier, 533 U.S. at 201, 121 S.Ct. 2151. (Refer to section I., paragraph #3 and #4)

　　　　Second, if so, was that right clearly established? Id. 'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." In knowing the dogs were inside the home, to not have a precise plan to "deal" with the dogs (other than killing them)(not to mention the presence of small children), a reasonable officer or public citizen would know that if they did not use every other means of action- would be unlawful, exceptionally hazardous and extemely dangerous to all parties involved. ( because nowhere in any of the defendants' statements or breifings did they establish the LOCATION of the dogs and small children...before effectuationg their warrant. See also Sorrels v. McKee, 290 F.ed 965, 970 (9th Cir. 2002).

(11)

Furthermore, case law in the 3rd Cir. Court of Appeals in Brown, 269 F.3d 205, 211-212, made it clear : that the killing of a person's dog constitutes an unconstitutional destruction of property absent a sufficient, compelling public interest. ( Brown was published before the incident/instant case)

The 9th Cir. in San JOse Charter of Hells Angels v. San Jose, 402 F.3d 902 at 977 2005 : states that accessing reasonableness under the Fourth Amendment, an appropiate factor is whether the officer considered alternatives before undertaking intrusive activity implicating constitutional concerns.

In this case, Officer Pfaff did not have a plan to "deal" with the dogs, upon entering the residence, as his statements and sworn testimony indictes during his interviews. Nor, did any of the other officers/defendants...upon entering the residence. The actual "breech" team didn't even have an actual plan or strategy for the inevitable confrontation/contact-with the dogs (inwhich, since their job/role was to breech the door; they would be the first officers incontact with ANYONE within the residence). And due to no one having a plan to deal with the dogs/no other means to effectuate their arrest, there was no other alternative established - other than to shoot the dogs if they appeared, and they did, and was fired upon...killed and now being accused of attacking, charging and threatening ...ultimately indicating that her death was justified.

(12)

Clearly, the Constitution's Fourth Amendment Right was established prior to this incident...and any reasonable officer would have known that - to kill an individual's pet without a reasonable basis, would violate this Right.

Incidentally, according to Defendant Rodriguez, at A-60, page 5 of Defendants Appendix for summary judgement; usually, when there are dogs around, in incidents as the instant case, <u>flash bangs</u> are used instead of lethal measures of killing dogs. ( Yet no such alternatives were utilized instead of killing plaintiff's dog, in this case ).

Therefore, Pfaff, nor any of the John Does 1-5, can not overcome the complaint with summary judgement, because the facts and totality of the evidence prooves the unreasonableness of the shooting, which inturn prooves the conspiracy claims, which supports the Plaintiff's assertions and basis for his complaint.

### CONCLUSION

**WHEREFORE**, in light of the foregoing, and the information from the Plaintiff's previous Motion In Response To Defendants' Interrogatories' Answers, Plaintiff has established and maintained a claim under 42 U.S.C. § 1983 for a violation of his Constitutional Rights. Therefore, the Court is requested to Deny Summary Judgement for the Defendants and set a trial date accordingly.

(13)

Eric A. Chambers

*[signature]*

# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
white Deer, PA 17887

DATED: 2/22/06

## DECLARATION

I, Eric Chambers, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, on this 22nd day of Feb. 2006.

*[signature: Eric A. Chambers]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887-2000

## CERTIFICATE OF SERVICE

I, Eric Chambers, hereby certify that the foregoing Pleading, along with the declaration, have been served by placement in this institutional legal mailbox, first-class postage prepaid, on this 22nd day of FEbruary 2006, to:

a. Office of the Clerk
   U.S. District Court
   844 N. King St., Lockbox 18
   Wilmington, DE 19801-3570

b. Rosamaria Tassone
   Assistant City Solicitor
   Louis J. Redding City/County Bldg.
   800 N. French St., 9th flr,
   Wilmington, DE 19801

c. Donald L. Gouge Jr.
   800 King St., Suite 303
   P.O. Box 1674
   Wilmington, DE 19801

*[signature: Eric A. Chambers]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

RE:
PLaitiff's Reply Brief In Support of his Motion for the Denial of Summary Judgement for City Defendants

Eric A. Chambers
#04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

FEDERAL CORRECTIONAL
INSTITUTION ALLENWOOD

FEB 23 2006 HARRISBURG

Office of the Clerk
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, DE 19801-3570

