ALBERT JAMES BROWN, Appellant v. DETECTIVE RANDOLPH PFAFF, 7060; DET. THOMAS P. LOONEY, 6677; POLICE DEPARTMENT OF DELAWARE

NO. 05-2035

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

2006 U.S. App. LEXIS 424

January 4, 2006, Submitted Under Third Circuit LAR 34.1(a)
January 6, 2006, Filed

NOTICE:

[*1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: On Appeal From the United States District Court For the District of Delaware. (D.C. Civ. No. 03-cv-00404). District Judge: Honorable Sue L. Robinson.

*Brown v. Pfaff*, 357 F. Supp. 2d 781, 2005 U.S. Dist. LEXIS 2305 (D. Del., 2005)

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff appealed an order of the United States District Court for the District of Delaware, granting summary judgment in favor of defendant arresting officer in plaintiff's action alleging the use of excessive force during the course of his arrest. The district court found that the officer was entitled to qualified immunity.

OVERVIEW: The court held that the officer was properly granted summary judgment because plaintiff failed to present sufficient evidence from which a reasonable juror could have concluded that the officer's use of force during the arrest was objectively unreasonable. The officer presented evidence, including affidavits and a transcript of police radio transmissions, to show that he forced plaintiff to the ground in response to reports that a suspect, possibly armed, was fleeing from a house being searched by police. He also showed that no officer struck, kicked, dragged, or used departmental equipment during the course of the arrest, and that plaintiff did not complain of injuries at the time of his arrest or shortly thereafter. In response to the motion, plaintiff did not present any evidence to support his claim. He mostly rested on the unsubstantiated allegations of his complaint. Based on facts and circumstances of plaintiff's arrest, as described by the officer and not disputed with competent proof by plaintiff, the officer's actions were objectively reasonable. In the absence of proof of a constitutional violation, the officer was entitled to qualified immunity from plaintiff's claim.

OUTCOME: The court affirmed the district court's judgment.

CORE TERMS: summary judgment, arrest, excessive force, police radio, transmissions, armed, objectively reasonable, genuine issue of material fact, radio, qualified immunity, disputed, dragged, kicked

LexisNexis(R) Headnotes

Civil Procedure: Appeals: Reviewability: Preservation for Review
[HN1] The failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal.

Civil Procedure: Summary Judgment: Standards of Review
Civil Procedure: Appeals: Standards of Review: De Novo Review
[HN2] The court of appeals exercises plenary review over the district court's grant of summary judgment.

Constitutional Law: Search & Seizure: Scope of Protection
Criminal Law & Procedure: Arrests: Reasonable Force
[HN3] Excessive force claims are judged under a reasonableness standard. A court must determine whether officers' actions are objectively reasonable, in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

COUNSEL: ALBERT JAMES BROWN, Appellant, Pro se, Bronx, NY.

For RANDOLPH PFAFF, 7060, THOMAS P. LOONEY, 6677, WILMINGTON POL DEPT, Appellees: Rosamaria Tassone, City of Wilmington, Law Department, Wilmington, DE.

JUDGES: Before: SLOVITER, SMITH AND VAN ANTWERPEN, Circuit Judges.

OPINION:
PER CURIAM

Albert Brown sued Detective Randolph Pfaff, Detective Thomas Looney, and the Police Department of Delaware, claiming the use of excessive force during the course of his arrest. In his short complaint, he alleged the following: "Det. Randolph Pfaff, came runing up to me and slammed, me to the ground as I layed on the Ground. I was brutally beating in a malicious way." (Complaint at § IV.) He also contended that Pfaff and others kicked and dragged him, causing him permanent injury to his right leg. (Id.) He reported their use of a racial epithet, and their threat that a police[*2] dog would bite him if he moved. (Id.) On Defendants' motion to dismiss Brown's complaint for failure to state a claim, or, in the alternative, a motion for summary judgment, the District Court granted summary judgment in favor of Looney and the Police Department. After the remaining parties engaged in discovery, Pfaff moved again for summary judgment, arguing that the force he used was objectively reasonable in light of the totality of the circumstances, and that he was entitled to qualified immunity. The District Court granted his motion. Brown appeals. n1

------------------Footnotes------------------

n1 Brown, in his notice of appeal and in his briefs, confines the issues on appeal to those related to the judgment entered in favor of Pfaff. Therefore, we will not consider the judgments entered in favor of Looney and the Police Department of Delaware. See *In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003) (holding that [HN1] the failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal).

------------------End Footnotes------------------

We have[*3] jurisdiction pursuant to 28 U.S.C. § 1291. [HN2] We exercise plenary review over the District Court's grant of summary judgment. See *Abramson v. William Paterson College*, 260 F.3d 265, 276 (3d Cir. 2001). We will affirm, because the District Court properly entered summary judgment in favor of Pfaff, in light of the absence of a genuine issue of material fact. Pfaff carried his burden to show that no genuine issue of material fact precluded judgment in his favor on the excessive force claims. [HN3] Excessive force claims are judged under a reasonableness standard. See *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). A court must determine "whether officers' actions are objectively reasonable, in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. Pfaff presented evidence, including affidavits and a transcript of police radio transmissions, to show that he forced Brown to the ground in response to reports that a suspect, possibly armed, was fleeing from a house being searched by police. (Appendix to Pfaff's Motion for Summary Judgment, at [*4]A-13-14, 150-162.) He also showed that no officer struck, kicked, dragged, or used departmental equipment during the course of Brown's arrest. (Appendix to Pfaff's Motion for Summary Judgment, at A-151, 154, 156, 158, & 160.) He also submitted evidence that Brown did not complain of injuries at the time of his arrest or shortly thereafter. (Id. at A-79-80, 154, 156, & 162.)

In response to Pfaff's motion, Brown did not present any evidence to support his claim. He mostly rested on the allegations of his complaint. Without substantiation, he claimed that Pfaff fabricated the police radio transmissions. Similarly, he argued that a deputy attorney general forged the signatures on the affidavits used by Pfaff. To the extent that he disputed the evidence, he claimed that the statements in Pfaff's affidavit constituted perjury because they differed from Pfaff's testimony at Brown's preliminary hearing and trial. He also contended that the radio transcript did not describe him as the armed suspect.

Based on facts and circumstances of Brown's arrest, as described by Pfaff and not disputed with competent

proof by Brown, Pfaff's actions were objectively reasonable. Pfaff did not use excessive[*5] force when he tackled Brown, who was attempting to evade capture. Although a careful analysis of the radio transcript reveals that another suspect, not Brown, was described as armed, the police radio transmissions must be viewed in the context of a chaotic police scene, not with the clarity of hindsight. See *Graham, 490 U.S. at 396*. n2 Also, despite Brown's argument that Pfaff perjured himself, Pfaff's affidavit is not starkly at odds with his previous testimony. (Appendix to Pfaff's Motion for Summary Judgment, at A-38-46, 70-72, 150-152.) Furthermore, although inconsistencies exist, the appreciable difference is the greater detail used in the affidavit to describe Brown's arrest. (Id.)

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 In addition, Brown had a watch in his hand (Appellant's Brief at 5), which Pfaff could have mistaken for a weapon.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

In sum, there is no evidenceon which a reasonable juror could base a finding that Pfaff used excessive force in arresting Brown. Furthermore, as the District Court concluded, in the absence[*6] of proof of a constitutional violation, Pfaff was entitled to qualified immunity from Brown's claim of excessive force. For these reasons, we will affirm the District Court's order.