LEXSEE 2002 US DIST LEXIS 4721

**DR. KATHLEEN CARTER, Plaintiff, v. DELAWARE STATE UNIVERSITY, DR. WILLIAM B. DELAUDER, PRESIDENT, DR. JOHNNY TOLLIVER, DEAN JACQUELYN W. GORUM, DR. ALETA HANNAH and DELAWARE STATE UNIVERSITY BOARD OF TRUSTEES, Defendants.**

C.A. No. 99-642 GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 4721

**March 21, 2002, Decided**

**SUBSEQUENT HISTORY:** *Affirmed by Carter v. Del. State Univ., 2003 U.S. App. LEXIS 7219 (3d Cir. Del., Apr. 16, 2003)*

**DISPOSITION:** [*1] Summary judgment ENTERED in favor of the individual defendants on the § 1981 and § 1983 claims in Counts II and III.

**COUNSEL:** For KATHLEEN CARTER, Dr., plaintiff: Laurence V. Cronin, Smith, Katzenstein, & Furlow, Wilmington, DE.

For WILLIAM H. DELAUDER, Dr., JOHNNY TOLLIVER, Dr., JACQUELYNE W. GORUM, ALETA HANNAH, Dr., DELAWARE STATE UNIVERSITY BOARD OF TRUSTEES, defendants: John D. Balaguer, White & Williams, Wilmington, DE.

For WILLIAM H. DELAUDER, Dr., JOHNNY TOLLIVER, Dr., JACQUELYNE W. GORUM, defendants: Christian J. Singewald, White & Williams, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory Moneta Sleet

**OPINION:**

### MEMORANDUM AND ORDER

On February 27, 2002, the court issued a memorandum and order disposing of all of the plaintiff's claims in the case except her § 1981 and § 1983 claims against the individual defendants in their official capacities. (D.I. 142 at 19-20.) On February 28, 2002, the court held a teleconference wherein the parties discussed how the remaining claims should proceed. Subsequent to the teleconference, the parties agreed that the § 1981 claim is not viable in light of the court's ruling on the Title VII claim. [*2] (D.I. 143.) However, the parties continue to dispute the validity of the § 1983 claim.

The defendants request an order entering judgment in their favor on the § 1983 claims. (D.I. 143, D.I. 145.) The defendants argue that the plaintiff cannot establish the elements of her First Amendment retaliation claim under § 1983 because her speech was not protected and it was not a substantial factor in the tenure decision. The defendants further submit that even if the plaintiff's speech was protected and that speech was a substantial factor in their decision to deny her tenure, other permissible factors support their decision to deny tenure to the plaintiff. The plaintiff argues that the claim is valid because questions of fact remain as to the motivation behind the decision. The court agrees with the defendant that the § 1983 claims should be dismissed. Therefore, the court will enter an order dismissing both the § 1981 and § 1983 claims against the defendants.

### II. STANDARD OF REVIEW n1

n1 The facts of this case are fully set forth in the court's previous memorandum and order and will not be repeated here. (*See* D.I. 142 at 4-7.)

[*3]

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P 56(c). A fact is material if it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmovant. *See In re Headquarters Dodge, Inc., 13 F.3d 674, 679 (3d Cir. 1993)* (citing *Anderson v. Liberty*

Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). When deciding a motion for summary judgment, the court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999). The nonmoving party, however, must demonstrate the existence of a material fact — not mere allegations — supplying sufficient evidence for a reasonable jury to find for the nonmovant. See Olson v. General Elec. Aerospace, 101 F.3d 947, 951 (3d Cir. 1996) (citation omitted). To raise a genuine issue of material fact, the nonmovant "need not [*4] match, item for item, each piece of evidence proffered by the movant but simply must exceed the 'mere scintilla' [of evidence] standard." Petruzzi's IGA Supermarkets, Inc. v Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993) (citations omitted). The nonmovant's evidence, however, must be sufficient for a reasonable jury to find in favor of the party, given the applicable burden of proof. See Anderson, 477 U.S. at 249-50. n2

   n2 Although proper summary judgment briefs have not been filed on the present issues, treating this matter a motion for summary judgment is appropriate for three reasons. First, since summary judgment motions have already been filed in this case, the plaintiff is on notice that her claims may be dismissed in this manner. Second, the defendants' remarks after the summary judgment motion indicate that they seek judgment in their favor on the § 1983 claims. (See D.I. 143 at 2 (noting that defendants will "provide a response and application for entry of judgment" after the plaintiff writes to the court)). Finally, the plaintiff argues that the court cannot dismiss her claims because issues of fact remain. (D.I. 144 at 2,4.) (arguing that claims should go to jury). Therefore, summary judgment is appropriate.

[*5]

## III. DISCUSSION

In order to establish that she was denied tenure in retaliation for exercising her First Amendment rights, Carter must first demonstrate that her speech was protected. See Green v. Philadelphia Housing Authority, 105 F.3d 882, 885 (3d Cir. 1997). She must then establish that her protected speech was a substantial or motivating factor behind the alleged retaliation. See id. Finally, if Carter can establish these two elements, the burden will then shift to the defendants to demonstrate that the same action would have been taken if the speech had not occurred. See id.

The parties do not dispute that Carter made certain unfavorable remarks about DSU's scheduling policies to her class. Instructors' remarks about university policies, even those critical of the university, are entitled to First Amendment protection. See Eichman v. Indiana State University Bd. of Trustees, 597 F.2d 1104, 1108 (5th Cir. 1979) (finding that district court erred in holding that professor's statements criticizing university's scheduling and curriculum were outside the scope of First Amendment protection). Thus, the court finds that the plaintiff's [*6] speech was protected.

The court further finds that the speech was a substantial or motivating factor in the tenure decision. A substantial or motivating factor need not be the only factor. Rather, a substantial or motivating factor is one that played "some substantial role" in the decision making process. See Suppan v. Dadonna, 203 F.3d 228, 236 (3d Cir. 2000). In the present case, Carter alleges that DeLauder admitted that her classroom statements were considered in the tenure process. Accepting Carter's allegation as true, the court finds that the denial of tenure was at least partially based on Carter's remarks. Therefore, Carter's speech was a substantial or motivating factor in the defendants' decision to deny her tenure.

Since Carter has demonstrated that her protected speech was a motivating factor in the tenure decision, the defendants must demonstrate by a preponderance of the evidence they would have taken the same action in the absence of the protected conduct. See id. at 235. The defendants have carried this burden. The court noted in its previous order that Carter's speech was one of four factors that motivated the tenure decision. (D. [*7] I. 142 at 11.) The other three factors were her service as department chair, her service on the NCATE committee, and her neutral evaluations. (Id.) n3 None of these considerations were related to Carter's speech. A university may deny tenure for any non-discriminatory reason. See Parate v. Isibor, 868 F.2d 821, 827 (6th Cir. 1989) ("The university may dismiss a non-tenured professor for any reason, or no reason, and the professor has no recourse unless such dismissal abridges his exercise of a constitutionally protected right."). Here, although Carter's neutral evaluation and her performance on the NCATE committee were unrelated to her speech, they were directly related to her job performance. See Coats v. Pierre, 890 F.2d 728, 733 (5th Cir. 1990) (noting that the reasons for denial of tenure "[bore] at least some relation to [the professor's] effectiveness as a faculty member"). See also Gerhart v. Hayes, 217 F.3d 320, 322 (5th Cir. 2000) (finding that plaintiff's job performance was inadequate and she would have been denied tenure in the absence of her speech). Carter's neutral evaluation and allegedly poor NCATE service [*8] establish that her performance was, at times,

marginal. Thus, the factual record supports a finding that there were sufficient grounds to deny Carter tenure in the absence of her speech.

> n3 The court will not consider Carter's service as department chair for the reasons stated in the previous memorandum. (*See* D.I. 142 at 12.)

Carter argues that the court should deny summary judgment because there are issues of fact regarding DSU's motivation for denying tenure. However, Carter never provided any facts to rebut the assertions that her evaluations were neutral and that her performance on the NCATE committee was allegedly inadequate. n4 Thus, Carter has failed to create a genuine issue of material fact on these points as is her burden. Therefore, there is no impediment to granting summary judgment in favor of the defendants on this claim. n5 n6

> n4 Indeed, rather than disputing the fact that her evaluations were neutral, Carter attempted to use this fact as proof of Dr. Hannah's racial bias against her.

[*9]

> n5 Carter argues that the defendants cannot claim they would have terminated her on other grounds because DeLauder did not know about her evaluations or her allegedly poor NCATE performance at the time he made his initial negative tenure recommendation. The court rejects this argument. The law on retaliation does not state that the protected speech cannot be considered — it only requires proof that the defendants' decision would have been the same in the absence of the speech. Thus, if DeLauder's decision would have remained the same in the absence of Carter's comments, it is sufficient. Since the court finds that the decision would have been the same, Carter's argument on this point is rejected.

> n6 The court recently held that the final two prongs of a first amendment retaliation claim were questions of fact. See *Springer v. Henry*, 2002 U.S. Dist. LEXIS 3975, No. 00-885(GMS), 2002 WL 389136 (D. Del. Mar. 11, 2002). This case is distinguishable from *Springer*, however. In *Springer*, there were several areas of contested fact. In the present case, as previously explained, Carter does not dispute the outcome-determinative facts. Therefore, the court finds that although summary judgment was not appropriate in *Springer*, it is appropriate in this case.

[*10]

## IV. CONCLUSION

For all of the foregoing reasons, the court will grant summary judgment in favor of the defendants on the § 1981 and § 1983 claims.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Summary judgment be and hereby is ENTERED in favor of the individual defendants on the § 1981 and § 1983 claims in Counts II and III.

2. The clerk shall close this case.

Dated: March 21, 2002

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE