IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ERIC A. CHAMBERS,                )
                                 )
        Plaintiff,               )
                                 )
    v.                           )   Civ. No. 04-415-SLR
                                 )
JOHN DOE #1, JOHN DOE #2,        )
JOHN DOE #3, JOHN DOE #4,        )
JOHN DOE #5, JOHN DOE #6,        )
JOHN DOE #7, DONALD J. BOWMAN,   )
JR., CITY OF WILMINGTON          )
DELAWARE, DELAWARE S.P.C.A.,     )
SGT. ELLIOTT,                    )
                                 )
        Defendants.              )



PLAINTIFF'S RESPONSE TO THE DEFENDANT(S) S.P.C.A. AND EMPLOYEE(S)' REPLY BRIEF IN SUPPORT OF HIS MOTION FOR THE DENIAL OF THEIR MOTION FOR SUMMARY JUDGEMENT AND REQUEST FOR TRIAL DATE

NOW COMES, Plaintiff Eric A. Chambers, Pro Se, and hereby requests this Honorable Court to enter an Order denying the Delaware SPCA Defendants' request for Summary Judgement.

The Reply Memorandum Of Points and Authorities in Support of the SPCA Defendants, incorrectly alleges that the Plaintiff has cited no case law which supports the U.S. Constitutional Right of his dog being "property" protected under such, by the Constitution. However, on page 2, paragraph 3--of Plaintiff's Reply Brief In Support Of his

Motion For the Denial Of Summary Judgement For the City Defendants, he clearly cites <u>Fuller v. Vines</u>, <u>Robinson v. Solano County</u>, <u>Miller v. Clark</u> - on page 3, paragraph 3, AND, in the PLaintiff's Reply Brief In Support Of His Motion For the Denial Of Summary JUdgement For the Delaware SPCA Defendants; page 2, paragraph 3...PLaintiff cites <u>Board Of Regents v. Roth</u> and <u>Parratt v. Taylor</u>.

    THe Plaitiff herein asserts that the SPCA conspired with one if not all, John Does 1 - 5 Defendants, to cover up the illegal shooting of his dog. In the SPCA's Reply dated March 7, 2006, incorrectly states that there is no property Right in a dead animal. However, the existing **condition** of someone's property (be it broke, crashed, misplaced or even dead) does not lessen nor diminish the fact that the property is still THEIR PROPERTY. The dog was not "abandoned on a public street", she was removed from her (the Plaintiff's) home.

    More importantly, the SPCA, in their last and final Brief, fails/does not **Deny** It's participation in the Conspiracy, by acting on the implied instructions from the John Does 1 - 5 Defendants, to retrieve, remove and destroy the animal without contact, consent or notice with/from or to ...the Plaintiff. The SPCA had prior knowledge of who the owner was (because the Plaintiff has submitted evidence of a receipt from the SPCA's office, regarding his dog being sheltered there), Yet, they did not seek the reasonable consent. Nor did the SPCA approach (for consent) the Plaintiff's companion/other caregiver of the dog...who was available at the residence where and when, the dog was removed...prior to destroying the dog.

1

The SPCA simply acted in concert with the State Actors, in the conspiracy - to cover up the illegal shooting. All the while knowing or should have known; that the killing of someone's pet is a violation of the Fourth Amendment, since <u>Brown</u> of the 3rd circuit was published prior to this instant incident. Establishing enough and sufficient case law supporting the Plaintiff's assertions that his dog IS property protected by/under the Fourt Amendment of the U.S. Constitution.

**WHEREFORE,** the SPCA's Motion for Summary Judgement should be DENIED. For, a jury will find that the evidence in the record supports the Plaintiff's allegations and complaint...wherein the SPCA acted in concert with the John Doe Defendants 1 - 5 , to further the conspiracy: in covering up the illegal, unlawful and unjustified shooting of his pet.

Date: March 31, 2006.

*[signature]*
Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

## DECLARATION

I, Eric Chambers, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, on this 31st day of March 2006.

*[signature]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887-2000

## CERTIFICATE OF SERVICE

I, Eric Chambers, hereby certify that the foregoing Pleading, along with the declaration, have been served by placement in this institutional legal mailbox, first-class postage prepaid, on this 31st day of March, 2006, to:

a. Office of the Clerk
   U.S. District Court
   844 N. King St., Lockbox 18
   Wilmington, DE 19801-3570

b. Rosamaria Tassone
   Assistant City Solicitor
   Louis J. Redding City/County Bldg.
   800 N. French St., 9th flr.
   Wilmington, DE 19801

c. Donald L. Gouge Jr.
   800 King St., Suite 303
   P.O. Box 1674
   Wilmington, DE 19801

*[signature]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

RE: PLaintiff's response to the SPCA Defendants & Employee(s) reply brief supporting his motion for the denial of summarry judgement and a requested

Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

APR 5 2006

LEGAL MAIL

Office of the Clerk
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, DE 19801-3570



U.S.M.S. X-RAY



APR