IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.  04-415 SLR |
| | ) |
| JOHN DOES 1-7, | ) |
| DONALD J. BOWMAN, JR., | ) |
| CITY OF WILMINGTON DELAWARE, | ) |
| DELAWARE S.P.C.A., and | ) |
| SGT. ELLIOTT, | ) |
| Defendants. | ) |

**DEFENDANTS JOHN DOES 1-5,  DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE, AND SGT. ELLIOTT'S
<u>MOTION TO STRIKE</u>**

COME NOW,  Defendants City of Wilmington, Donald Bowman, Jr., Steven Elliott, and John Does 1-5 (hereinafter "City Defendants"), by and through undersigned counsel, and respectfully move this Honorable Court for an Order striking the pleading entitled "Plaintiff Eric Chamber's Response to the Defendants: John Does 1-7, Donald J. Bowman, City of Wilmington Delaware, and Sgt. Elliott's Reply Brief in Support of his Motion for the Denial of Defendants' Motion for Summary Judgement (sic) and His Request for a Trial Date" (D.I. 80)  pursuant to Federal Rule of Civil Procedure 12(f). In support of their Motion, Defendants state as follows:

1.	On September 15, 2005, the Court issued the Scheduling Order governing the briefing in this matter.  The Court ordered that all summary judgment motions, opening briefs and affidavits, if any, in support of the motions, to be served and filed on or before January 19, 2006.  Answering briefs and affidavits, if any, to be filed on or before February 21, 2006.  Reply briefs to be filed on or before March 7, 2006.  At the request of the City Defendants, the Order was subsequently amended on March 7, 2006 to permit the City Defendants to file their reply brief by

March 15, 2006.

2. On January 19, 2005, Defendants served and filed their Motion for Summary Judgment, together with their Opening Brief and Appendix submitted in support of the Motion. (D.I. 68, 69, 73.) Plaintiff filed an answering brief on February 27, 2006, entitled "Plaintiff's Reply Brief in Support of his Motion for the Denial of Summary Judgment for Defendants John Does 1-5, Donald J. Bowman Jr., City of Wilmington Delaware, and Sgt. Elliott." (D.I. 75). Notwithstanding the title Plaintiff gave to his answering brief, Plaintiff did not file his own motion for summary judgment. (See, D.I. 75 wherein the Court indicates that Plaintiff's pleading is an "answering brief.") Further, Plaintiff had previously filed a document on December 19, 2005 entitled "Plaintiff's Motion to Respond to the Defendants' Answers to the Interrogatories" in response to Defendants' Answers to Plaintiff's Interrogatories. (D.I. 64.) Given that D.I. 64 was referenced in Plaintiff's answering brief to Defendants' Motion for Summary Judgment, Defendants considered D.I 64 a supplemental answering brief. As such, on March 14, 2006, Defendants filed a Reply Brief addressing the issues raised by Plaintiff in both D.I. 64 and D.I. 75. (D.I. 79.)

3. On March 31, 2006, Plaintiff, without leave of the Court, filed a third brief entitled "Plaintiff Eric Chamber's Response to the Defendants: John Does 1-7, Donald J. Bowman, City of Wilmington Delaware, and Sgt. Elliott's Reply Brief in Support of his Motion for the Denial of Defendants' Motion for Summary Judgement (sic) and His Request for a Trial Date." (D.I. 80). Defendants' counsel received the brief on April 7, 2006.

4. When a party files a motion, the District of Delaware Local Rule 7.1.2 only permits the filing of an opening brief by the moving party, an answering brief by the non-moving party, and a reply brief by the moving party. L.R. 7.1.2(c) states:

> No additional briefs, affidavits, or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument.

The Rule contemplates that the moving party be afforded the final response on the arguments raised by its motion. The Rule also serves to avoid an endless series of briefs by the parties constantly debating the arguments raised in the opposing party's preceding brief.

5. Plaintiff's third brief filed subsequent to Defendant's Reply belatedly raises the following arguments which were not raised in his answering brief: 1) that the ATF agents involved in his arrest will offer testimony to support his allegation that he made arrangements to voluntarily surrender to the officers; 2) that the officers' entry into the home violated the "knock and announce" requirements for search warrants; and 3) that he rents and/or resides at 2704 Creston Place. Similar to his previous responses, Plaintiff failed provide any evidentiary support for his conclusory statements in D.I. 80 and, as such, are insufficient to overcome Defendants' Motion for Summary Judgment. Nonetheless, Plaintiff chose not to raise these current arguments in his answering brief, thereby waiving them. In raising these issues outside the briefing schedule, Plaintiff denied Defendants the opportunity to fully explore and address these meritless arguments. Consequently, Defendants would suffer undue prejudice should the Court deny the present Motion to Strike.

6. Defendants waive their right to submit a brief in this matter.

WHEREFORE, Defendants respectfully request that D.I. 80 be stricken pursuant to Fed. Rule of Civ. Proc. 12(f). In the alternative, if the Court denies Defendant's Motion to Strike, Defendants respectfully request that Defendants be permitted to submit a supplemental reply in response to Plaintiff's most recent brief.

/s/ Rosamaria Tassone, Esquire, ( I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington

Dated: April 12, 2006