IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC A. CHAMBERS, )
    Plaintiff, )
)
v. ) C.A. No. 04-415(SLR)
)
JOHN DOES 1-7, )
DONALD J. BOWMAN, JR., )
CITY OF WILMINGTON DELAWARE, )
DELAWARE S.P.C.A., and )
SGT. ELLIOTT, )
    Defendants. )

**FILED APR 27 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE**

PLAINTIFF'S MOTION IN RESPONSE TO DEFENDANTS'
MOTION TO STRIKE D.I. #83

Date: April 23, 2006.

Eric A. Chambers, Pro Se.
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

**NOW COMES**, Plaintiff, Pro Se, herein providing a response to the defendants' motion to strike D.I. 83. The Plaintiff herein asserts that he is the Moving Party, and must be afforded the final response, in regards to the arguments raised within his motion. The Defendants move to strike his last motion, labeled; Plaintiff, Eric A. Chambers' response to the Defendants' - John Does 1-7, et al., numbered as D.I. # 80. The Plaintiff asserts that, prior to his filing of the previous motion in dispute, the defendants had filed a previous motion; D.I. 79, that he was simply responding to, inwhich he was procedurally entitled to - since he is the Moving Party.

In addition, in addressing the Defendants' complaining of "new arguments", which were not raised etc., the Plaintiff asserts that the allegations (he voiced) were indeed raised, prior to the Plaintiff's D.I. 83 motion. Therein, the facts supporting the "reiterated information" - the Defendants are moving to strike - are actually already a part of the record. Therefore, the defendants' claims are unfounded, because the "information" isn't "new", in any sense. And, even if the "information" is constued as "new", the Defendants will not be prejudiced by responding to the motion.

Because the defense subconsciously or unintentionally CHOSE not to call upon testimony, as witnesses, from the very Federal Agency and Officers who initiated the Defendants' involvement in the entire incident/ordeal/or arrest... the Plaintiff has no reason to exclude the ATF Agents' appearing as witnesses. And since the CMTT Officers are in

1

direct conflict with their own testimonies and accounts of the events - directly contradicting the Plaintiff... the testimony of the ATF Agents should be welcomed. For they are a non-biased and nuetral entity, who can provide crucial and honest elements of the case.

Furthermore, to argue against the Defendants' Motion to Strike; the ATF Agents are indicated and directly involved/a part of the entire Complaint. Specifically documented commencing from page 6, of the initial Complaint. As well as, in the Appendix to Defendants' Motion for summary judgement, dated February 1, 2005, page A-7, paragraph 1, line 7; "throughout the entire process, radio contact was kept with the ATF Agents who were conducting surveillance.".

Incidentally, the Plaintiff wishes to advise the Defendants; he has yet to submit a Witness List (in general), so, for the Defendants to Request To Strike- because of the ATF Agents' agreed testimony (being labeled as new arguments), their basis for their request (to strike) is totally unfounded.

The Defendants' request to strike - the aspects of violating the "knock and announce" requirements for search warrants, as "new arguments", is totally unsupported...because this particular Constitutional violations falls under the violations outlined in the initial complaint, page 2, **(E) Illegal Search and Seizure.**

Regarding the Plaintiff bringing a proper claim or evidentiary evidence to support the fact that he lawfully resided at 2704 Creston Place, having a reasonable expectation of privacy in the property; The Federal ATF Agents can and have, provided testimony to such facts. See Appendix to Defendant's Motion for Summary Judgement, dated February 1, 2005, page A-4, D) "Agent Shum advised this officer that Chambers is the only adult male known to reside at that location".

The Plaintiff requests this Honorable Court to allow the Defendants the oppertunity to submit a supplemental reply, in response to the Plaintiff's most recent brief (D.I. 83). However, the Defendants response should only be addressing what they're/have labeled; "new arguments". See Defendants' Motion to Strike, at page 3, # 5:

    1) That the ATF Agents involved etc.

    2) That the officers' entry into the home violated etc.,

    3) That the Plaintiff resided at 2704 creston Place etc.

This will permit the Defendants the oppertunity to address the "new " allegations, and ONLY the "new" claims. Finalizing their concerns regarding their last request, and also avoiding an endless debate over matters already raised by both parties.

The Delaware SPCA Defendants, herein, is included in this Motion...and the Plaintiff hereby relies on the instant Brief, as a reply to the SPCA's Motion also. Considering the SPCA Defendants have continued to adopt the City Defendants, et al, motions throughout this entire litigation.

The Plaintiff herein, respectfully prays this Honorable Court grants his request(s).

Date: April 23, 2006.                    _____
                                         Eric A. Chambers
                                         # 04536-015
                                         FCI Allenwood (Med)
                                         P.O. Box 2000
                                         White Deer, PA 17887

4

## DECLARATION

I, Eric Chambers, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, on this 23rd day of April 2006.

*[signature]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887-2000

## CERTIFICATE OF SERVICE

I, Eric Chambers, hereby certify that the foregoing Pleading, along with the declaration, have been served by placement in this institutional legal mailbox, first-class postage prepaid, on this 23rd day of April, 2006, to:

a. Office of the Clerk
   U.S. District Court
   844 N. King St., Lockbox 18
   Wilmington, DE 19801-3570

b. Rosamaria Tassone
   Assistant City Solicitor
   Louis J. Redding City/County Bldg.
   800 N. French St., 9th flr.
   Wilmington, DE 19801

c. Donald L. Gouge Jr.
   800 King St., Suite 303
   P.O. Box 1674
   Wilmington, DE 19801

*[signature]*

Fed. Reg. No. 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA. 17887

RE: Plaintiff's Motion in response to Defendants' Motion to Strike DI. # 83.

Eric A. Chambers
# 04536-015
FCI Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887

HARRISBURG PA 171
25 APR 2006 PM 5 T

Office of the Clerk
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, DE 19801-3570

19801+3570

LEGAL MAIL