IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. CHAMBERS, | ) |
|         Plaintiff, | ) |
| v. | )    C.A. No.   04-415 SLR |
| JOHN DOES 1-7, <br> DONALD J. BOWMAN, JR., <br> CITY OF WILMINGTON DELAWARE, <br> DELAWARE S.P.C.A., and <br> SGT. ELLIOTT, <br>         Defendants. | ) |

**DEFENDANTS JOHN DOES 1-5,  DONALD J. BOWMAN, JR.,
CITY OF WILMINGTON DELAWARE, AND SGT. ELLIOTT'S
REPLY IN SUPPORT OF THEIR MOTION TO STRIKE**

  COME NOW, Defendants City of Wilmington, Donald Bowman, Jr., Steven Elliott, and John Does 1-5 (hereinafter "City Defendants"), by and through undersigned counsel, and respectfully move this Honorable Court for an Order striking the pleading entitled "Plaintiff Eric Chamber's Response to the Defendants: John Does 1-7, Donald J. Bowman, City of Wilmington Delaware, and Sgt. Elliott's Reply Brief in Support of his Motion for the Denial of Defendants' Motion for Summary Judgement (sic) and His Request for a Trial Date" (D.I. 80) pursuant to Federal Rule of Civil Procedure 12(f).  In further support of their Motion, and in reply to Plaintiff's response to their Motion, Defendants state as follows:

  1. In response to Defendants' Motion to Strike Plaintiff's third answering brief found at D.I. 80, Plaintiff asserts that "he is the Moving Party, and must be afforded the final response, in regards to the arguments raised within his motion.  The Defendants move to strike his last motion, labeled; Plaintiff, Eric A. Chambers' response to the Defendants' – John Does 1-7, et al., numbered as D.I. #80.  The Plaintiff asserts that, prior to his filing of the previous motion in dispute, the defendants had filed a previous motion; D.I. 79, that he was simply responding to, in which he was procedurally entitled to – since he is the Moving Party."  (D.I. 84, p. 1).

  2. Plaintiff concedes that the moving party is afforded the final response when a motion

is filed. However, Plaintiff erroneously believes that he is the moving party in this matter. Although it is unclear from Plaintiff's response because he does not indicate which pleading constitutes his "motion", it appears that Plaintiff believes that his brief entitled "Plaintiff's Reply Brief in Support of his Motion for the Denial of Summary Judgment for Defendants John Does 1-5, Donald J. Bowman Jr., City of Wilmington Delaware, and Sgt. Elliott" (D.I. 75), is the motion to which D.I. 80 is the reply. However, D.I. 75 cannot be considered a "motion" as contemplated by the Federal Rules of Civil Procedure.

        3.       It is axiomatic that Plaintiff, by filing an answer to Defendants' Motion for Summary Judgment, is requesting that the Court deny Defendants' Motion. However, Plaintiff's answer to Defendants' Motion does not constitute a separate motion. It is merely the Answering Brief in response to the Defendants' Motion for Summary Judgment, regardless of the title Plaintiff, a *pro se* litigant, gave the document. (See also, Court's notation at D.I. 75 referring to Plaintiff's responsive pleading as an "Answering Brief"). Quite simply, had Defendants not filed a Motion for Summary Judgment, Plaintiff would have had no reason to file "Plaintiff's Reply Brief" (D.I. 75), and the matter would simply proceed to trial. Therefore, contrary to Plaintiff's assertion, Defendants are the moving party with regard to the pending issue of summary judgment, and, as noted by Plaintiff, the moving party is afforded the final word.

        4.       In their Motion to Strike, Defendants argued that Plaintiff raised the following issues for the first time in his third responsive brief, D.I. 80: 1) that the ATF agents involved in his arrest will offer testimony to support his allegation that he made arrangements to voluntarily surrender to the officers; 2) that the officers' entry into the home violated the "knock and announce" requirements for search warrants; and 3) that he rents and/or resides at 2704 Creston Place. In Plaintiff's response, Plaintiff argues that the issues were, in fact, raised in previous pleadings. In support of his position, Plaintiff states that the ATF agents are witnesses and their testimony should "be welcome." Plaintiff further argues that the ATF agents are mentioned in the Complaint, and Plaintiff has "yet to submit a Witness List (in general), so, for the Defendants to Request To Strike – because of the ATF Agents' agreed testimony (being labeled as new arguments), their basis for their request (to strike) is totally unfounded." (D.I. 84, p. 2).

5.      Plaintiff misapprehends Defendants' argument. Defendants are not requesting that the ATF agents be struck as witnesses. Defendants fully realize that the agents are potential witnesses in this matter. However, in response to Defendants' Motion for Summary Judgment, Plaintiff raised the incredible argument that his "surrender" had been previously scheduled with the ATF agents. Plaintiff alleges that it was the "pre-text call," "wherein the Plaintiff gave a precise time (after 6 o'clock pm.), for his arrest/surrender. (which can and will be supported by the ATF Agent-in-charge; Tat Shum)." (D.I. 80, p. 6). Notwithstanding the fact that this argument was, in fact, raised for the first time, and Plaintiff has failed to point to any specific sections of his Answering Briefs (D.I. 64 and D.I. 75) to support his assertion that he had previously argued this issue, there is no "testimony" in the record from the ATF agents. There are merely bald assertions and conclusions of fact drawn by Plaintiff based upon the statements of an officer in the record that "radio contact was kept with the ATF Agents who were conducting surveillance," and "Agent Shum advised [the] officer that Chambers is the only adult male known to reside at that location." (D.I. 84, pp. 2,3)(Plaintiff points to this latter statement as support for the assertion that he was lawfully residing at the dwelling). These statements are a far cry from "testimony" supporting Plaintiff's allegation that his "surrender" was previously arranged.

6.      Contrary to Plaintiff's assertion that the Defendants should have obtained the testimony of the ATF agents, it is Plaintiff who is presently asserting that the testimony of the ATF agents will support his allegations. Therefore, Plaintiff had the burden at summary judgment to provide the Court with either affidavits or deposition testimony from the agents to support his claims. Once the moving party puts forth a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the non-moving party cannot produce "concrete evidence from which a reasonable [trier of fact] could return a verdict in [his] favor," then summary judgment for the movants must be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

7.  Plaintiff has also failed to point to any specific sections of his Answering Briefs (D.I. 64 and D.I. 75) to support his assertion that he had previously raised the argument relating to the officers' failure to "knock and announce" or addressed Defendants' argument that he lacks standing to assert a claim for an illegal search of 2704 Creston Place.

WHEREFORE, Defendants respectfully request that D.I. 80 be stricken pursuant to Fed. Rule of Civ. Proc. 12(f). In the alternative, if the Court denies Defendants' Motion to Strike, Defendants respectfully request that Defendants be permitted to submit a supplemental reply in response to Plaintiff's most recent brief.

/s/ Rosamaria Tassone, Esquire, ( I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2176
Attorney for Defendants John Does 1-5, Bowman, Elliott and the City of Wilmington

Dated: May 4, 2006